CASE 88—PETITION EQUITY—FEBRUARY 11.

# Harlan, &c., v. Eilke, &c.

APPEAL FROM JEFFERSON CIRCUIT COURT, CHANCERY DIVISION.

1. TRUSTS—EMANCIPATED MINOR—STATUTORY CONSTRUCTION.—If a father invests in land the funds earned by his emancipated minor son, and takes the title in himself without the son's knowledge, he holds the land in trust for the son. There is nothing in the provisions of sec. 2353, Kentucky Statutes, that, "when a deed shall be made to one person and the consideration shall be paid by another, no use or trust shall result in favor of the latter, but this shall not extend to any case in which the grantee shall have taken a deed in his own name without the consent of the person paying the consideration, or where the grantee in violation of said trust, shall have purchased the lands deeded with the effects of another person," which prevents such a trust from being enforced.

C. B. SEYMOUR FOR APPELLANTS.

1. A trust like the one sought to be established in this case, should not be sustained except upon the fullest and clearest proof. (Perry on Trusts, secs. 126 and 137.)

2. The emancipation of the son by the father is not satisfactorily
   made out by the evidence. In the absence of emancipation the
   earnings of the son belonged to the father.
3. The title to the property remained in the father for years without
   question, and credit was extended to him on the faith of it, and
   every reason of public policy demands that as to these creditors
   the trust should not be established or enforced.

PHELPS & THUM AND DODD & DODD FOR APPELLEES.

1. The direct evidence, together with all the facts and circumstances,
   establish beyond question the emancipation of the son, and that
   the property was bought by the father with his earnings. In
   such cases a trust will be established and enforced. (Sec. 2353,
   Ky. Stats.; Graham v. King, 96 Ky., 339; Faris v. Dunn, 7 Bush,
   284; Miller v. Edwards, 7 Bush, 394; Pomeroy's Equity, vol. 2,
   sec. 1053.)

JUDGE PAYNTER DELIVERED THE OPINION OF THE COURT.

It appears from satisfactory testimony that in 1882
Ellie Eilke, the eleven-year-old son of William Eilke,
Sr., desired to become a jockey. His father reluctantly
consented to it, but finally did so, and emancipated
his son, saying to him: "My boy, if you think you
can make a living, you can go." He admonished his
son to save his money; send it to him and he would
invest it for him.

Under these circumstances the son entered upon his
career as a jockey, and in the prosecution of his busi-
ness traveled over the country for several years, earn-
ing a yearly salary of some $3,000 or $4,000. The father
seems to have been afflicted and thriftless. The son sent
him several thousand dollars, and he invested it in
the real estate in controversy. The father, without
the knowledge of the son, had the deeds made to him-
self. In 1893 the father died, and this action was

instituted by Ellie Eilke to have the trust declared, and to recover the property.

Section 19, article 1, chapter 63, General Statutes (section 2353, Kentucky Statutes), reads as follows: "When a deed shall be made to one person and the consideration shall be paid by another, no use or trust shall result in favor of the latter, but this shall not extend to any case in which the grantee shall have taken a deed in his own name without the consent of the person paying the consideration, or where the grantee, in violation of said trust, shall have purchased the lands deeded with the effects of another person."

We agree with the learned counsel for appellants, that no claim like that of the appellee should be sustained except upon the fullest and clearest proof. After the examination of the proof in this case we can not escape the conclusion that the money with which the property was bought was that of the appellee, which he sent to his father to invest for him.

Appellee introduced several witnesses to sustain his claim. They appear to be worthy of credit; besides no effort was made to impeach them or to contradict their statements. In addition to the facts which they prove with reference to the son sending home his money to the father and its investment in the real estate, they also prove that the father had no source from which he obtained the money with which to purchase property except through the son.

There is nothing in the statute quoted which pre-

vents the trust from being enforced. On the other hand, the saving clauses in the statute recognize the equitable doctrine that an enforcible trust exists where one takes a deed in his own name without the consent of the person paying the consideration, or where the grantee, in violation of such trust, shall have purchased the lands deeded with the effects of another person.

We are of opinion that the land was held in trust for Ellie Eilke, and that he is entitled to recover it. (Grayham v. King, 96 Ky., 339; Faris v. Dunn, 7 Bush, 276; Miller v. Edwards, 7 Bush, 394.)

The judgment is affirmed.