# DECISIONS

OF THE

# Court of Appeals of Kentucky

## SEPTEMBER TERM, 1911

### Straeffer v. Rodman, et al.

(Decided December 15, 1911.)

Appeal from Jefferson Circuit Court
(Chancery Branch, First Division).

1. Mortgages—Security for Advancements.—A mortgage given in good faith for a specified sum, as security for future advancements, is valid to the extent of the amount specified.

2. Same—Unrecordable Mortgage—Who Cannot Take Advantage of It.—One who is not a subsequent purchaser for value, without notice of the mortgage, cannot take advantage of its being an unrecordable instrument. While the mortgage was not acknowledged as required by the statute, and was not given force because it was recorded, it was good as between the parties to it.

3. Same.—Proper acknowledgment was not necessary to make the mortgage valid as against an outstanding equitable lien. as the mortgagees had no notice at the time they took it.

KINNEY & THOMAS for appellant.

McDERMOTT & RAY for appellees.

OPINION OF THE COURT BY JUDGE SETTLE—Affirming.

This is an appeal from a judgment of the Jefferson Circuit Court, Chancery Branch, First Division. The action in which the judgment was rendered was brought by the appellant, Frederica Straeffer, against the appellees, William S. Waller, and Home Savings Fund Company, and grew out of the following facts: In 1899, the appellant who had been a missionary in foreign countries for many years, being about to start for Korea, executed to the appellee, Waller, a written power of

attorney by which he was authorized to collect for her two notes of $1,400.00 and $1,000.00, respectively, and invest the proceeds in real estate in her name and for her benefit. The notes were delivered to Waller for the purpose mentioned. On June 23rd, 1900, he collected the note of $1,400.00 and on the same day purchased at the price of $3,255.00 a house and lot on Oak street between Fourth and Fifth streets, in the City of Louisville, the title to which he caused to be conveyed to himself. Nearly all the $1,400.00 thus collected was used by him in making a cash payment on the house and lot. At the same time he borrowed of the Home Savings Fund Company $2,000.00 and gave it a mortgage on the house and lot to secure its payment. Thereafter he collected the note of $1,000.00, and its proceeds, together with what was left of the $1,400.00 note, was used by him in paying the balance of purchase money due on the house and lot, in making additions to the house, and otherwise improving the property. On July 1st, 1909, Waller executed to the appellees' H. D. and C. D. Rodman, a mortgage on the property to secure the payment of certain notes aggregating $900.00 for money to be furnished him by them.

In 1908 and 1909, appellant made several attempts to obtain a settlement with Waller and to secure from him a deed to the Louisville real estate in which he had invested the money he collected for her, but without success. So she sued for an accounting at his hands and asserted a lien upon the house and lot in Louisville; it being averred in the petition that it was purchased by Waller for her and with her money, and that he, without her knowledge or consent and with the intent to defraud her, caused the title to be conveyed to himself. It was further averred in the petition that the act of Waller in thus taking to himself the title to the property, created a trust in her behalf entitling her to the property or a lien thereon to secure the payment of her money invested therein, the enforcement of which lien was prayed as well as a personal judgment in her behalf against Waller for the amount thereof.

Waller's answer denied the alleged trust and consequent lien asserted by appellant, but failed to specifically deny his indebtedness to her in the amount claimed in her petition. The answer contains the averment, however, that in investing appellant's

money in the real estate in question and taking the title to himself, he acted in pursuance of authority conferred by the power of attorney she gave him and by her express direction.

Appellees, H. D. and C. D. Rodman, who were made defendants by an amended petition, by their separate answer, which was made a counter-claim and cross-petition against appellant, Waller and the Home Savings Company, traversed the averments of the petition; alleged the execution, maturity and non-payment of the notes held by them against Waller, the execution of the mortgage given by the latter upon the property in question to secure their payment, and their ignorance at the time of the execution of the notes and mortgage or before the service upon them of summons in the action, of Waller's indebtedness to appellant and the existence of the alleged trust asserted by her.

All affirmative matter of the answer of Waller and the answer, counter-claim and cross-petition of the appellees, H. D. and C. D. Rodman, was controverted by reply.

The circuit court gave appellant judgment against Waller for the amount claimed by her, declared the trust asserted, and allowed her a lien on the real estate for the amount of her debt, but adjudged it inferior to the liens of the Home Savings Fund Company and H. D. and C. D. Rodman, that of the former being declared the first and that of the latter a second lien on the property.

The property as shown by the commissioner's report sold for an amount sufficient to pay the lien debts of the Home Savings Fund Company and the Rodmans, but left nothing to be applied on appellant's debt.

As appellant admits, the superiority of the Home Savings Fund Company's lien, consideration of that branch of the case will be unnecessary. Nor will it be necessary for us to review the judgment in so far as it affects appellant and the appellee, Waller, as he has not prosecuted a cross appeal.

In determining the issue, however, between appellant and the Rodmans, it is proper to say that the superiority of the lien of the latter to that of appellant was not adjudged by the circuit court on the ground that the trust upon which her lien is based was not established by the evidence. On the contrary, it was

expressly decided that the trust was established, as
Waller used her money in paying for the real estate,
and without her consent took the deed to himself. In
other words, the trust resulted, not from the investing
of appellant's money by Waller in the real estate, for
the evidence showed that its investment in real estate
by him was expected, indeed, authorized by her, but
because of his taking the title to himself without her
knowledge or consent. Sec. 2353, Kentucky Statutes;
Harlan v. Eulks, 100 Ky., 642; Stone v. Burge, 24 R. 2424.

This state of case constituted a trust as between
appellant and appellee, Waller, but not as to a third
person who acquired a right to or lien upon the property
for a valuable consideration without knowledge of the
trust.

The lien of H. D. and C. D. Rodman was adjudged
superior to that of appellant on the ground that in
accepting the mortgage executed to them by Waller,
their attitude with respect to the transaction and the
mortgaged property was that of an innocent purchaser
for value, without notice of the trust created by the act
of Waller in fraudulently taking to himself the deed
to the property. Chapman v. Headly, 8 R. 957; Sparks v.
Bell, 91 Ky., 502; Bailey v. Dyer, 23 Ky., R. 1585; Nel-
son's Heirs v. Boyce, 4 J. J. M., 401; 27 Cyc. 1183.

The evidence shows beyond doubt that when Waller
executed to H. D. and C. D. Rodman the notes and
mortgage in question they were utterly ignorant of any
trust in favor of appellant. The title to the property
upon which they took the mortgage then stood upon the
records of the county clerk's office in Waller's name
and had so stood continuously for nine years. It does
not appear that the mortgagees then knew there was
such a person as appellant in existence, and there was
nothing in the deed under which Waller claimed to
own the property or otherwise appearing upon the
county records, to indicate that his title was other than
absolute, except the incumbrance created by the mort-
gage executed by Waller nine years previously, to the
Home Savings Fund Company.

In making Waller an agent to collect her money and
invest it in real estate appellant trusted him, and
though the investment was to be made, as we must
believe from the evidence, upon the condition that the
real estate purchased be conveyed her, if, instead of

having this done, he caused it to be conveyed to himself and thereafter mortgaged it to appellees, H. D. and C. D. Rodman, to secure a loan made him, and they were at the time ignorant of the fraud by which he had secured to himself the title to the property, appellant and not they must lose. It is an ancient and sound rule of equity jurisprudence that "As between two innocent persons, he must suffer who, by his acts or laches, has made a loss possible."

It is insisted for appellant that as the mortgage to the Rodmans was given to secure future advancements, that fact rendered it invalid. The mortgage seems to have been executed under the following circumstances: Waller was, on May 17th, 1909, employed by the Rodmans as a solicitor of life insurance, they being the agents for the State of Kentucky for the North Western Life Insurance Company. By the terms of the contract Waller was to receive a commission on the business he secured, but as ready money would be required by him to pay traveling and other expenses in prosecuting the business before and while earning his commissions, the Rodmans agreed to lend him $900.00 for that purpose to be furnished from time to time as requested. So, on May 7th, 1909, and before receiving the money, Waller executed to the Rodmans his several notes aggregating $900.00, payable on different dates and to secure their payment he and his wife then executed the mortgage on the house and lot in controversy.

It was shown by the evidence, without contradiction, that the money for which the notes and mortgage were given was furnished Waller from time to time by the Rodmans as agreed between them; and it was not alleged by appellant, nor did she attempt to prove that the mortgage was a preference or that there was any fraud in the transaction out of which it arose. While it is true that only a part of the money to be thus furnished Waller had been received by him when appellant's action was instituted, it appears from the evidence, and is not disputed, that the whole of the $900.00 was received by him before the Rodmans were made parties to the action, which was done by an amended petition filed five months after the filing of the orginial petition.

It also appears from the testimony of the Rodmans, and is not contradicted, that they did not learn of the

appellant's action until they were served with a summons on the amended petition. So it must be taken as true that at the time they furnished Waller the last of the money for which the notes and mortgage were given, the Rodmans were not informed of the pendency of the action. It follows, therefore, that the doctrine of lis pendens does not apply to them. Clift v. Williams, 105 Ky., 559; City Middlesboro v. Coal and Iron Co., 33 R. 469; Baldwin v. Crow, 86 Ky., 679.

Appellant's contention that a mortgage to secure future advancements is invalid, cannot be sustained. On the contrary, it has frequently been held that a mortgage given in good faith for a specific sum, as security for future advancements, is valid to the extent of the amount specified, as against the mortgager's general creditors. Martin v. Jones, 136 Ky., 797; Louisville Banking Co. v. Leonard, 90 Ky., 106; Jarboe v. Shively, 109 Ky., 402.

It is insisted for appellant that the mortgage was not a recordable instrument, and was, therefore, ineffectual to carry a lien to the Rodmans. The mortgage was sworn to and not acknowledged by the mortgagor as required by the statute; therefore, the fact that it was recorded by the county clerk did not give it force, but it was nevertheless good as between Waller and the Rodmans, and Mrs. Waller is making no complaint of it. Manifestly, appellant cannot take advantage of its being an unrecordable instrument, as she is not a subsequent purchaser for value of the mortgaged property, without notice of the mortgage. As against Waller, the Rodmans took at least an equitable title, or interest in the property mortgaged, which Waller, being the owner of the legal title, had the apparent right to convey, and for that reason the lien thus acquired by the Rodmans is superior to the equity asserted by appellant. Proper acknowledgment of the mortgage was necessary to make it a recordable instrument, but not necessary to its validity as against a latent, outstanding, equitable lien, of which the mortgagees had no notice at the time of taking the mortgage, or before furnishing the mortgagor the money it was given to secure. Baldwin v. Crow, 86 Ky., 679; Clift v. Williams, 105 Ky., 559; Burton v. Farmers Bank, 130 Ky., 389; Sebree v. Thompson, 31 R. 389.

The judgment of the circuit court being in accord with the view of the case we have expressed, it is hereby affirmed.