## Metropolitan Life Ins. Co. v. Hoskins et al.

(Decided Oct. 26, 1937.)

J. H. GOLD and BENTON & DAVIS for appellant.

PREWITT & PREWITT and J. SMITH HAYS, JR., for appellees.

OPINION OF THE COURT BY JUDGE REES—Reversing.

This is an appeal from a judgment of the Clark circuit court denying appellant, Metropolitan Life Insurance Company, a mortgage lien on a certain tract of land in Montgomery county, containing 33.247 acres. The facts and circumstances out of which the controversy arose, briefly stated, are:

A. B. Hampton, a resident of Clark county, died intestate the owner of a boundary of land located partly in Clark county and partly in Montgomery county, containing 515.738 acres. In a suit in the Clark circuit court to settle the estate, an order was entered October 3, 1919, directing the master commissioner to sell the land in two tracts which were described by metes and bounds. One tract was described as containing 210.797 acres, and the other 304.941 acres. The land had been surveyed in two tracts, and the descriptions prepared by a surveyor either appointed by the court or agreed upon by the parties. At the sale, J. A. Stevens became the purchaser of the smaller tract for $34,676.10, or $164.50 an acre, and the larger tract was sold to J. M. Hoskins, for $175.75 an acre, or a total of $53,593.38.

On April 27, 1921, the master commissioner conveyed the larger tract to J. M. Hoskins. The deed described the land by metes and bounds, and recited that the tract contained 304.941 acres. On the same day the master commissioner conveyed the smaller tract to J. A. Stevens and Etta S. Trevitt. It appears that J. A. Stevens, by written assignment, had transferred a one-half interest to Etta S. Trevitt. On February 24, 1923, Stevens conveyed his interest in the land to Mrs. Etta S. Herndon. Subsequent to the execution of the commissioner's deed, Etta S. Trevitt had married H. M. Herndon. On March 30, 1923, Etta S. Herndon and husband conveyed the land to J. R. Martin, who conveyed it on the same day to H. M. Herndon. In all of these deeds the land was described by metes and bounds, and each deed recited that the tract contained 210.797 acres.

On August 1, 1923, H. M. Herndon and Etta Herndon, his wife, executed to the Southern Trust Company of Louisville a mortgage on the land to secure the payment of a note for $16,000, due August 1, 1933. The mortgage was lodged for record in the office of the clerk of the Clark county court October 15, 1923, and in the office of the clerk of the Montgomery county court on October 16, 1923. The Southern Trust Company assigned the note and mortgage to the Metropolitan Life Insurance Company on November 2, 1923, and the assignment was lodged for record in the Clark county clerk's office on December 7, 1923, and in the Montgomery County clerk's office on December 19, 1923. The de-

scription in the mortgage followed the description in the commissioner's deed to Stevens and the succeeding deeds. In October, 1924, J. M. Hoskins learned that his tract contained only 271.694 acres, or 33.247 acres less than the acreage recited in the deed executed to him by the master commissioner. A resurvey of the Herndon tract disclosed that the boundary described in the deed to J. A. Stevens and later acquired by H. M. Herndon and mortgaged to the Southern Trust Company contained 244.044 acres, or 33.247 acres more than was called for by the various deeds and the mortgage. It appears that the surveyor who surveyed and divided into two tracts the land belonging to the A. B. Hampton estate made an error in his calculations. The total acreage of the entire tract as found by him was correct, and the courses and distances described in the respective deeds to Stevens and Hoskins were correct. Upon discovery of the error, Herndon and Hoskins agreed to correct it and on October 14, 1924, H. M. Herndon and wife conveyed to Hoskins a triangular tract of land containing 33.247 acres. This tract adjoined the Hoskins tract as that tract was described in the commissioner's deed to Hoskins. On March 1, 1926, J. M. Hoskins and wife mortgaged their tract of land of 304.941 acres, which included the 33.247-acre tract conveyed to Hoskins and H. M. Herndon and wife to the Exchange Bank of Kentucky, Mrs. Julia Jeffreys, and Mrs. Caswell Prewitt to secure notes amounting to $19,000. H. M. Herndon died August 6, 1933, without having paid the note for $16,000, which was secured by the mortgage held by appellant. The interest had been paid up to August 1, 1932.

On March 10, 1934, the Metropolitan Life Insurance Company brought this action against the administratrix of H. M. Herndon's estate and his heirs at law to enforce its mortgage lien on the land described by metes and bounds in the mortgage. J. M. Hoskins and wife, the Exchange Bank of Kentucky, Mrs. Julia Jeffreys, and Mrs. Caswell Prewitt were named defendants. It was subsequently learned that Mrs. Jeffreys was dead when the petition was filed, and an amended petition was filed making the administrator of her estate a defendant. The administratrix of H. M. Herndon's estate and his heirs at law made no defense to the action, but the other defendants, on April 16, 1934, filed a pleading styled "answer, counterclaim, setoff

and cross-petition," in which they set out substantially the facts heretofore stated, and alleged that H. M. Herndon and wife did not intend to include in the mortgage to the Southern Trust Company the 33.247-acre tract; that the Southern Trust Company did not contemplate any security for its debt except 210.797 acres; and that the Southern Trust Company and the appellant had actual notice and knowledge from records in the A. B. Hampton settlement suit that J. A. Stevens and his successors in title, including H. M. Herndon, had bought only 210.797 acres, and an estoppel was asserted against appellant and its assignor as to the 33.247-acre tract. The issues were completed, proof was heard, and, upon submission of the case, the court adjudged that the Metropolitan Life Insurance Company had no mortgage lien on the 33.247-acre tract, and dismissed its petition as to that tract. On this appeal it is appellant's contention that it has a lien on the 33-acre tract because of the mortgage to its assignor, Southern Trust Company, which was prior in time to the deed of correction from Herndon to Hoskins, and in which the description of the mortgaged land by courses and distances included the tract in controversy.

Appellees contend that Hoskins failed through mistake to receive the land he had bought and paid for, and that they are entitled to come into a court of equity to have that mistake corrected; that neither appellant nor its assignor contemplated receiving the tract in controversy as security for their debt in addition to the 210 acres; that the records in the Hampton settlement suit furnished constructive notice, and by reason thereof plaintiff is estopped to claim the lien; and that if they are not estopped the land was held in trust by Herndon and the mortgagee for the benefit of Hoskins. Appellant, on the other hand, contends there was no estoppel, but, conceding there was, the plea of estoppel is barred by the statute of limitations, which was pleaded. It further insists that no trust resulted in favor of Hoskins.

The proof disclosed the facts heretofore recited. The surveyor who ran the lines and prepared the descriptions found in the commissioner's deeds to Stevens and Hoskins was a witness. He ran the lines bounding both the Hoskins and Stevens tract later acquired by Herndon as he intended to run them, but made a mistake in calculating the acreage in each boundary. The

mistake was discovered, and the necessary acreage to make up the deficit in the Hoskins tract was conveyed to Hoskins by Herndon nearly a year after the mortgage on the Herndon tract to the Southern Trust Company had been recorded. The proof also shows that an examiner for the mortgagee went upon the land and examined it and filed with his report a plat and description of the Herndon tract corresponding to the plat and description of that tract appearing in the A. B. Hampton settlement suit.

The legal title to the 33.247-acre tract in controversy passed to the purchaser of the tract, which was referred to in the order of sale and the commissioner's deed as containing 210.797 acres, and was in H. M. Herndon in August, 1923, when he executed a mortgage on that tract to appellant's assignor. In determining boundaries, the general rule is that natural and permanent monuments are the most satisfactory evidence and control all other means of description. Artificial marks, courses, distances, and area follow in the order named, area being the weakest of all the means of description. Jennings v. Monks' Ex'r, 4 Metc. 103; Kendrick v. Burchett, 89 S. W. 239, 240, 28 Ky. Law Rep. 342; Alexander v. Hill, 108 S. W. 225, 32 Ky. Law Rep. 1147; Brashears v. Joseph, 108 S. W. 307, 32 Ky. Law Rep. 1139; Finley v. Meadows, 134 Ky. 70, 119 S. W. 216; Rock Creek Property Company v. Hill, 162 Ky. 324, 172 S. W. 671. Appellees concede this to be the general rule, but insist that the rule does not apply where an intention is shown in the deed that the acreage as therein expressed is to control the boundary given, and it is argued that the deeds, beginning with the commissioner's deeds, as well as the mortgage to appellant's assignor, show an intention that the acreage was to control, since each tract was described as containing a specific number of acres, and in the sales to Stevens and Hoskins the land was to be paid for by the acre. We think, however, that the deeds more clearly evidence an intention to pass title to the land surveyed and platted by the surveyor employed in the A. B. Hampton settlement suit and described by metes and bounds. The mistake which was discovered later could have been corrected by a monetary settlement between the two grantees based on the price paid for the land. They could not correct the mistake by a transfer of land from Herndon to Hoskins to the injury of an

intervening innocent purchaser for value. The commissioner's deeds heretofore referred to conformed in all respects to the orders in the settlement suit then pending in the Clark circuit court, and to the descriptions and plats of the land filed therein. The commissioner's deeds passed the legal title to the land particularly described by metes and bounds, and the proceedings in the settlement suit did not constitute notice to subsequent purchasers or mortgagees that the 33.247-acre tract here in controversy, or any other particular portion of the tract conveyed to Stevens, belonged to Hoskins, the purchaser of the adjoining tract.

In Jennings v. Monks' Ex'r, supra, it was said:

"As Jennings derived no benefit from the mistake, and, without notice of it purchased and paid for all the land including the surplus, it is clear that the plaintiff was not entitled to any relief against him, if the commissioner's deed to Hamilton passed the legal title to the surplus land. (Powell v. Eve, 2 Bibb 317; Floyd's Heirs v. Adams, 1 A. K. Marsh. 72) And it is equally clear, that a conveyance by the owner. of land passes the legal title to all the land within the designated boundaries, though they may contain double the quantity mentioned in the deed."

In the Jennings Case the land was surveyed under order of court, and was conveyed by the commissioner by metes and bounds according to the surveyor's report. One of the tracts conveyed by the commissioner's deed was described as containing 174 acres. After several conveyances had been made it was discovered that it contained 214 acres, and an action was brought by the sole heir at law of J. M. Monks to recover the surplus from Jennings to whom it had been conveyed. In the instant case the appellant to all intents and purposes is an innocent purchaser for value. Without notice of the mistake, it made a loan of $16,000 to H. M. Herndon to secure which it took a mortgage on a tract of land specifically described by metes and bounds. If the general description by acreage were permitted to control the special description, a mortgagee would never be secure in taking a mortgage on any boundary where a conflict existed between the actual acreage embraced in the boundary and the recited acreage. In Kendrick v. Burchett, supra, the court, after stating

the general rule that the particular or special description will control the general description, said:

> "The application of the rule to the case in hand is inevitably necessary to give the conveyance any effect. Otherwise no particular part of the boundary could be said to have been conveyed; or, if it were allowed to control the calls in the deed by parol evidence, so as to prove what particular body of the whole tract was actually intended to be conveyed, every vice aimed to be prevented by the statutes of frauds and perjuries would be given full sway. We conclude that appellee, by the deed of 1886, took the title of his grantor to all the land embraced by the lines as run by the courses and distances called for in the deed, without regard to whether the quantity was or was not correctly stated."

The appellees insist that, in the event the estoppel relied upon by them to defeat appellant's claim is not sufficient, then a trust resulted in favor of Hoskins by virtue of section 2353 of the Kentucky Statutes, and he has a lien on the land in controversy to the extent of the consideration paid for it by him superior to any lien that appellant may have. As between the original purchasers of the two tracts of land, a trust in favor of Hoskins may have resulted; but, be that as it may, in view of what we have heretofore said, this cannot affect the rights of appellant, who acquired a lien upon the property for a valuable consideration without notice of the trust. Straeffer v. Rodman, 146 Ky. 1, 141 S. W. 742, Ann. Cas. 1913C, 549. Our conclusion is that appellant has a lien on the 33.247-acre tract of land superior to any lien appellees may have.

Judgment is reversed, with directions to enter a judgment in conformity herewith.

Whole court sitting, Judge Clay dissenting.