## Sells et al v. Hurley.

Dec. 14, 1945.

J. R. Llewellyn and Edwin R. Denney for appellants.

Allen Harrison and A. T. W. Manning for appellee.

Opinion of the Court by Judge Thomas—Affirming.

The farm of appellants, in Jackson County, adjoins the one of appellee. The former filed this action against the latter in the Jackson circuit court on October 23, 1944. In their petition they alleged that appellee wrongfully crossed the true dividing line between their respective tracts and took possession of about four acres of plaintiffs' land. The prayer of plaintiffs' petition is:

"Wherefore, the plaintiffs pray for a permanent injunction, perpetually restraining and enjoining the defendant from going upon said boundary of land and trespassing upon same or any part thereof, and for injunctive relief requiring the defendant to remove any obstruction placed on said boundary or any part thereof, * * *."

Defendant in his answer denied the material averments of the petition, and further alleged that if it should be found by accurate survey that the small acreage of land in contest lapped on plaintiffs' boundary, then he and his predecessors in title, acquired it by adverse possession for more than 15 years during which time he and they enclosed, possessed and cultivated it under a claim of ownership for the statutory period for obtaining prescriptive title thereto. The reply denied the affirmative allegations in the answer. Defendant moved to transfer the action from the equity docket to the ordinary docket, which the court sustained. A jury was empaneled to try the case, and at the close of the evidence the court peremptorily instructed it to return a verdict for defendant, which was done, followed by dismissal of the petition, to reverse which plaintiffs prosecute this appeal.

In this court appellants' counsel first argues that the court erred in transferring the case to the ordinary docket, since the petition was correctly styled as being one "in equity" and that the issues formed were equitable ones. On the other hand appellee's counsel argue that the action is simply one in ejectment, which is essentially an ordinary action. Cases are cited by respective counsel which they claim sustain their diverse contentions. However, if appellants' contention be correct, and the court should not have made the transfer then appellants are in no position to complain of the alleged error, since the court by giving the peremptory instruc-

tion to the jury decided the case as developed by the evidence the same as it would have done had the case been retained on the equity docket, which, as we have stated, was and is the contention of their counsel. Therefore, in disposing of this appeal the order transferring the case to the ordinary docket may appropriately be treated as the direction of an issue out of chancery for the trial by jury as to the correct location of the dividing line between plaintiffs and defendant. Therefore, it becomes unnecessary to determine whether the court properly or improperly sustained the motion for the transfer.

The beginning of the disputed dividing line, as shown by the title papers introduced at the hearing, is described as "an ash at the spring," to which all of the litigants agree. The line then proceeds by courses, distances and corners to the end of the dividing line, and which the parties concede is exactly described in the deeds of both plaintiffs and defendant. In that description there are two lost corners, one of them a hickory and the other a sycamore, neither of which are now standing, having disappeared since the division line was made in 1902. However, at the hickory described corner there is a hickory stump, but at the sycamore corner there is nothing to indicate its precise location. Notwithstanding, the disappearance of those two trees, as monuments of corners in the disputed dividing line, their precise location (disregarding the hickory stump, as well as the evidential effect of it), with corner marks on each of the two trees, was established without contradiction by witnesses who had seen the trees with the marks thereon, following the surveying line made in 1902, which was done in the division among the heirs of the landed estate of C. S. Martin. Therefore, it was unnecessary to trace the title of the parties back to the Commonwealth, since they each emanated from the same source. In addition to the undisputed testimony as to the location of the corners called for by the hickory and sycamore trees referred to, a survey of the line made by one Spurlock since the division in 1902 was introduced (he being dead) and it located the hickory and the sycamore at the points now contended for by defendant.

The text in 8 Am. Jur. 812, section 93, says:

"Evidence of various kinds is admissible to determine the location of lost monuments. For the pur-

pose it is proper to consider the testimony of persons who saw them when they were formerly discernible, and the courts will also admit proof of acquiescence of the parties concerned, acts of public authorities, the location of established boundary lines, and the general reputation and tradition as to where the lost monuments had been located.''

Cases are cited in note 11 to that text supporting it, and this court in the early case of Wallace v. Maxwell, 1 J. J. Marsh. 447, approved and applied the same rule for the correct location of lost corner monuments, and permitted parol proof of their correct location by witnesses who knew their correct location before the monuments disappeared; the syllabus—which the text of the opinions supports—says: ''When the corners are destroyed by violence or time, parol proof (may) be admitted to point out where they were.'' (Our parenthesis) The opinion therein (written by Judge Underwood) in referring to such parol proof said:

''The testimony of James Anderson * * * is conclusive upon this head, and we see nothing in the record to impeach his credibility sufficiently strong to do away (with) the force of his testimony. On the contrary, there are many things to corroborate it, such as the putting up a stone corner, a little west of the point shown by Anderson, as the place where the sugar tree stood.'' (Our parenthesis)

The parol testimony referred to, locating the place where the two disappearing trees, as corner monuments in this instant case stood, is likewise fortified by the undisputed proof that the owners of defendant's tract, before he became the purchaser thereof, enclosed the contested small area of land with a brush fence as a part of the tract now owned by defendant. He, after he purchased it some ten or twelve years prior to the filing of this action, built a new fence enclosing the same area as a part of his tract, but his enclosure with the new fence is less than the 15 years necessary to ripen title by prescription, and the testimony is not explicit as to when the original brush fence was built, although the circumstances in the case would indicate that it was as much as, if not more, than three years prior to the time defendant obtained his title. Under the rule permitting the character of parol testimony referred to, for the

purpose of establishing monuments marking lines of surveys, this case must be determined as though the corners marked by the hickory and sycamore trees were now standing.

The law is too familiar to require a listing of the many domestic cases approving and applying the rule, that courses and distances give way to located and marked monuments as corners. Such invariable rule becomes necessary in this case, since the described courses and distances, if followed, would depart from the established monuments along and over the disputed line, and which rule both sides admit to be true.

The only issue in this case appears to be the proper method of locating lost corners, the appellee insisting that it may be done by parol proof, as hereinbefore pointed out, whilst appellants contend that running the lines in reverse from known corners and locating the lost ones where the lines as so run intersect. But counsel for appellants is compelled to admit that if that method is adopted in toto in this case the lines would never meet so as to enclose any specific area. The testimony, therefore, developed a case where but one conclusion may be reached, and the court correctly gave the peremptory instruction to the jury, even if the case was an ordinary one that should be tried and determined finally by the verdict of a jury. But, in treating the case as an equity one—which appellants contend should be done—then the verdict of the jury on an issue out of chancery would have no greater effect than an advisory one to the chancellor which he could adopt or reject as he concluded the testimony required. He did do so in this case before the jury rendered a verdict and in doing so determined that the evidence overwhelmingly, if not entirely, supported the finding which he directed the jury to render. We are convinced that no error was committed by the court in doing so.

Wherefore, the judgment is affirmed.