## WAGERS et al. v. WAGERS.

Court of Apepals of Kentucky.

March 23, 1951.

Roy House, Manchester, for appellants.

Wm. Lewis, William J. Weaver, London, for appellee.

LATIMER, Justice.

W. O. Wagers instituted this action to quiet title against the claims of Ernest and Norma Wagers and to have an alleged cloud removed from his title. The defendants, by their counterclaim, alleged ownership of the boundary of land in dispute. The actual dispute is over the location of the dividing line between the plaintiff's and the defendants' land situated on Moses Branch in Clay County.

It is admitted in both the pleadings and the proof that the description of the correct line between the lands of the plaintiff and defendants is found in the original deed of the common grantor which reads: "* * thence with a marked course of said fence S 89½ E 14 poles to a stake on the left side of Moses Branch; thence up the left side of Moses Branch with the *foot of the hill and fence* to a point opposite E. J. Howard's line to a stake corner where said line comes down the point to a plank fence * * *."

It is obvious from the foregoing description that the location of the dividing line is governed to a great extent by the location of the foot of the hill and the fence. Both the surveyor for the plaintiff, J. H. Graham, and the surveyor for the defendants, J. M. Culton, in substance, say they correctly located the dividing line on Moses Branch. However, their maps differ to some extent although the difference is not very great.

Surveyor Graham testified that he ran a course to the left side of Moses Branch and then up the left or east side of Moses Branch along the foot of the hill. He further testified that he was guided by an impression of an old fence and by some marked timber.

Surveyor Culton testified that his map was substantially the same as surveyor Graham's map but stated Graham instead of following the hill "got up on the side of the hill". He said that he, himself, was guided by an old fence post about a foot high at the lower side of where the road used to run on dry land.

Simon Stewart, the defendants' predecessor in title, testified that the old fence was where surveyor Culton had located the dividing line.

Ben Howard, who is the son of the common grantor of both of these tracts of land, testified that the old fence was built of rails, poles and slack rock. The plaintiff contends and there is corroborative testimony with respect thereto that Surveyor Graham followed the impression left by this fence. Ben Howard further testified that in places "Moses Branch runs near the foot of the hill and in places it didn't".

Generally, in determining boundaries, natural and permanent monuments are the most satisfactory evidence and control all other means of description, and artificial marks, courses, distances and area follow in the order named, area being the weakest of all means of description. Metropolitan Life Insurance Co. v. Hoskins et al., 273 Ky. 563, 117 S.W.2d 180.

We held in the case of Sells et al. v. Hurley, 301 Ky. 199, 191 S.W.2d 212, that for the purpose of determining the location of lost monuments, the court may consider the testimony of persons who saw them when they were discernible, and may admit proof of acquiescence of the parties and the general reputation and tradition as to where the lost monuments had been located.

The evidence in this case is not sufficient to constitute acquiescence in the line alleged by the defendants to be the correct dividing line. We held in the case of Cline et al. v. Blackburn et al., 292 Ky. 713, 168 S.W.2d 15, that where land is covered by overlapping title papers, in order to establish a boundary line other than the line fixed by the superior title, it must be shown that the line was agreed upon, that the parties took actual possession up to the line and continued the possession for a considerable period of time. In the instant case there is evidence that the plaintiff and his predecessors in title asserted ownership of the land located on the east side of Moses Branch and that there was never a dispute as to the actual location of the boundary until shortly before this suit was filed.

In this case we have the testimony of two competent surveyors. Both believe that they have correctly located the dividing line between the plaintiff's and the defendants' property. One of them necessarily is wrong. The evidence as to the location of the old fence is in direct conflict. From a very careful reading of the entire record, we are of the opinion that the judgment of the lower court in accepting the map of J. H. Graham, as correctly defining the boundary line between the plaintiff's and the defendants' land, is supported by substantial evidence.

[6] Had the Chancellor chosen to accept the Culton survey, we could not reverse on the issue of unsubstantiality of evidence. We here feel constrained to follow the rule of non-interference when there is not sufficient evidence of substance to create more than a doubt as to the correctness of the judgment.

The judgment is affirmed.