HAROLD W. SCHROEDER, PLAINTIFF-RESPONDENT, v. ROBERT W. ENGROFF AND ADELAIDE L. ENGROFF, HIS WIFE, DEFENDANTS-APPELLANTS AND THIRD PARTY PLAINTIFFS, AND ROLAND HOSICK AND LILLIAN HOSICK, HIS WIFE, THIRD PARTY DEFENDANTS.

Argued June 6 and 7, 1960—Decided June 28, 1960.

*Mr. Harold W. Schroeder,* plaintiff-respondent, argued the cause *pro se.*

*Mr. Ernest F. Keer, Jr.,* argued the cause for defendants-appellants, Robert W. Engroff and Adelaide L. Engroff (*Messrs. Boyd, Dodd, Keer & Booth,* attorneys).

*Mr. Harry Schaffer* argued the cause for New Jersey Title Insurance Association, as *amicus curiae.*

PER CURIAM. At the trial of this case there was presented a substantial issue related to the admissibility of certain parol evidence. This evidence was designed to establish the location of an iron stake marking the terminal point of the second course of the land conveyed by the deed out of which the controversy arose. The trial court received the proof subject to a later determination of its competency. At the conclusion of the matter he decided that it was not admissible, but, because the precise problem had not been passed upon in the appellate courts, he wisely undertook to dispose of the merits of the cause with the controversial evidence out of the record, and then as though it represented permissible proof. On both hypotheses he found that the plaintiff was not entitled to prevail. 52 *N. J. Super.* 88 (*Law Div.* 1958).

The Appellate Division held that the parol evidence was a proper factor for consideration on the issue involved, that it was entirely credible, and that it resulted in the establishment of a different description of the tract covered by the critical deed. The effect of this determination was to reduce

considerably the size of the parcel transferred by that deed. 57 *N. J. Super.* 452 (*App. Div.* 1959).

We agree with the Appellate Division that the parol evidence relating to the location of the stake was admissible. In addition to the authorities appearing in its opinion, the following may be consulted: *Resurrection Gold Mining Co. v. Fortune Gold Min. Co.,* 129 *F.* 668, 671 (8 *Cir.* 1904); *Wagers v. Wagers,* 238 *S. W.* 2d 125, 126 (*Ky. App. Ct.* 1951); *Ball Creek Coal Co. v. Napier,* 305 *Ky.* 308, 202 *S. W.* 2d 728 (*Ct. App.* 1947); *Dittrich v. Ubl,* 216 *Minn.* 396, 13 *N. W.* 2d 384, 388 (*Sup. Ct.* 1944); *City of Warsaw v. Swearngin,* —— *Mo.* ——, 295 *S. W.* 2d 174, 181 (*Sup. Ct.* 1956); *Lee v. Barefoot,* 196 *N. C.* 107, 144 *S. E.* 547 (*Sup. Ct.* 1928); *Will v. Piper,* 184 *Pa. Super.* 313, 134 *A.* 2d 41, 44 (*Super. Ct.* 1947); *New York State Natural Gas Corporation v. Roeder,* 384 *Pa.* 198, 120 *A.* 2d 170, 172 (*Sup. Ct.* 1956); *State v. Gulf Oil Corp.,* 264 *S. W.* 2d 743, 747 (*Tex. Ct. Civ. App.* 1954); *Muldoon v. Sternenberg,* 139 *Tex.* 22, 161 *S. W.* 2d 783, 786 (*Sup. Ct.* 1942); 6 *Thompson on Real Property* §§ 3285, 3332, *pp.* 464, 530 (1940); *Annotation* 68 *A. L. R.* 4, 31–32; 32 *C. J. S. Evidence* § 1007, *p.* 1021; 11 *C. J. S. Boundaries* § 108, *p.* 703.

Our concurrence with the Appellate Division on the evidence problem, however, does not lead us to the same conclusion on the ultimate issue. Use of that proof as to the position of the marker in question produces such a drastic departure from the area granted by the unambiguous description recited in the deed in question, that on the whole record we are constrained to agree with the trial court's appraisal of its credibility. In our judgment, it does not possess sufficient probative force to demonstrate that the intention of the parties to the deed was other than that portrayed by the plain language of the courses and distances set out therein.

The judgment of the Appellate Division is reversed and that of the Law Division is reinstated.

*For reversal*—Chief Justice WEINTRAUB, and Justices BURLING, JACOBS, FRANCIS, PROCTOR, HALL and SCHETTINO—7.

*For affirmance*—None.