RENDERED:  MARCH 5, 2021; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2020-CA-0528-MR

HOWARD TAYLOR                                          APPELLANT


                      APPEAL FROM PIKE CIRCUIT COURT
v.                       HONORABLE EDDY COLEMAN, JUDGE
                      ACTION NO. 19-CI-00437


ERIC CLIME AND ELAINE CLIME                      APPELLEES


OPINION
AFFIRMING

** ** ** ** **

BEFORE:  CLAYTON, CHIEF JUDGE; CALDWELL AND COMBS, JUDGES.

COMBS, JUDGE:  Howard Taylor appeals the judgment of the Pike Circuit Court entered February 5, 2020, following a bench trial involving a boundary line dispute with his neighbors, Eric and Elaine Clime.  After our review, we affirm.

The parties own adjoining tracts of real property on Hunts Branch Road in Pike County.  Taylor's property lies north of the Climes' property.  The parties agree that their properties meet at a point along the uphill portion of a fence.  The fence begins below at a "felled beech tree" on the Hunts Branch of

Fedscreek, a tributary of the Levisa Fork of the Big Sandy River. The Climes contend that the felled beech tree at Hunts Branch creek marks the parties' shared boundary line and that the fence is situated inside their property line. Taylor argues that a *standing beech tree* -- farther south of the felled beech tree at the edge of Hunts Branch Road -- marks the boundary between them and that the fence is, therefore, situated well inside his property line. The parties' competing claims put into dispute a roughly triangular parcel of 1.37 acres bifurcated by the fence. Taylor explains that the parties' disagreement centered largely on which of the two beech trees represents the natural marker of their shared boundary line.

Following a bench trial conducted on February 4, 2020, the circuit court concluded that the fence itself marked the boundary between the parties' property – allotting the larger part of the disputed area to the Climes and a narrow portion, lying to the north of the fence, to Taylor. The court determined that this conclusion was most consistent with the location of a prescriptive easement described in an agreed order settling an earlier dispute between the parties.

The court concluded that the fence began at the felled beech, which the court found was the tree described in the relevant mineral deed consulted by Tim Malone, the Climes' surveyor. The court observed that the fence ran roughly parallel to the boundary line advocated by Malone and that it had stood for more than fifteen (15) years. The court found that during this period, Taylor had used

-2-

that part of the disputed area lying on his side of the fence for pasturing livestock. It concluded that Taylor had been in possession of that portion of the disputed area when the Climes acquired title to their property and that he now adversely owned the property up to the fence. However, the court rejected Taylor's claim to an additional portion of the disputed area that lay south of the fence. This appeal followed.

On appeal, Taylor contends that the trial court erred by failing to find the testimony of his expert witness, Luke Hatfield, more credible than Malone's testimony and by failing to establish the boundary line between the properties in accordance with the survey prepared by Hatfield. We disagree.

Our rules of civil procedure provide that "[f]indings of fact shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses." CR[1] 52.01. This rule is applicable to boundary disputes. *Webb v. Compton*, 98 S.W.3d 513 (Ky. App. 2002) (citing *Croley v. Alsip*, 602 S.W.2d 418 (Ky. 1980)). "[A] fact finder may choose between the conflicting opinions of surveyors so long as the opinion relied upon is not based upon erroneous assumptions or fails to take into account established factors." *Id.* at 517 (quoting *Howard v. Kingmont Oil Co.*, 729 S.W.2d 183, 184-85 (Ky. App. 1987)).

---

[1] Kentucky Rules of Civil Procedure.

Taylor argues that Hatfield's determination of the boundary line was well supported by his observation of a beech tree in a line consistent with the description provided by Taylor's deed. Additionally, Hatfield identified photographs showing the initials of Taylor's family carved into its bark many years ago. Hatfield testified that the line that he plotted better set out the boundary between the parties because it followed the language in Taylor's deed, which called for the line to run "down the point to a beech tree." He testified further that Malone's line did not follow the point to the beech tree as called for in Taylor's deed -- but instead followed angles, calls, and distances set out in a 1914 mineral deed down the hill to a different beech tree. Taylor contends that the court erred by relying on testimony based upon the mineral deed as opposed to his surface deed and that the entirety of the disputed property more clearly belongs to him.

The Climes contend that the trial court did not err by relying on Malone's testimony concerning the beech tree. Although they argue that the trial court's conclusion that the fence marks the parties' boundary line improperly results in a windfall to Taylor, they did not cross-appeal the judgment.

The expert surveyors agreed that mineral deeds are commonly referenced in establishing surface boundary lines. While the expert testimony confirmed that descriptions contained in mineral deeds do not necessarily match the boundaries of surface estates, we are not persuaded that the court erred by

relying on Malone's use of the mineral deed description, in part, to locate the beech tree separating the parties' property. Indeed, when determining boundaries, the general rule is that natural and permanent monuments are the most satisfactory evidence and that they control all other means of description. *Metropolitan Life Ins. Co. v. Hoskins*, 273 Ky. 563, 117 S.W.2d 180 (1937).

Malone testified that the beech tree was of an adequate age to justify its use as a monument in the 1914 deed that he consulted and that the tree was in the location that he expected it to be according to his measurements. Once the beech tree was identified through the various descriptions and the angles, calls, and distances included in the mineral deed, Malone was able to confirm the boundary line.

The trial court's findings of fact are clearly based upon the testimony of the parties and their expert witnesses, the title and possession of the property, the trial exhibits, and other relevant evidence. Its decision to rely on Malone's expert opinion is not clearly erroneous. The judgment is supported by substantial evidence. We can discover no error, nor can we conclude that there is any basis for reversal.

Therefore, we AFFIRM the judgment of the Pike Circuit Court.

ALL CONCUR.

BRIEFS FOR APPELLANT:

James P. Pruitt, Jr.
Pikeville, Kentucky

BRIEF FOR APPELLEES:

Jonah L. Stevens
Pikeville, Kentucky