Judge Rowan
delivered the opinion of the court.
This was an action of ejectment brought by Smith and Preston, lessors, against Prewit, tenant in possession.
Plaintiffs, upon the trial, gave in evidence to the jury, a patent from the commonwealth of Virginia to Barnes, for 2,000 acres of land, and a deed from Barnes and wife to them. They also gave in evidence a patent from the commonwealth of Virginia to Boyd for 2,000 acres of land. They also exhibited a connected plat made out by the surveyor of the county, whereby it appeared that the two tracts, viz. that of Barnes and that of Boyd, had been surveyed to adjoin each other the whole length of the side lines. The corners of the exterior side line of each survey were designated on the plat, and proved to exist on the ground in correspondence with their description in their respective patents—no other corner was proved to have been made—no other was found, or claimed, as belonging to either patent. The patent of Barnes recited the survey upon which it was granted, to have been made on the 13th day of July, 1774. The patent of Boyd purported that the survey upon which it was granted, was made on the 14th day of July, 1774. The patent of Barnes called to adjoin the land of Boyd. Defendant introduced a certified copy of the survey of John Carter made the 14th day of July, 1774, which is called to be adjoined by Boyd’s patent; whereupon plaintiffs moved the court to instruct the jury, that to find the lost corners of the division line between Barnes and Boyd, they should run the patent course and distance from the two corners of the exterior side line of Boyd, and that a line drawn from the point terminating the patent distance of the one end line to the same point in the other end line parallel to the exterior side line, must be considered the division line between the claims of Barnes and Boyd, to which the defendant objected—because, first, there was no proof that a division line or corners had been ever made or run; and next, because as Barnes’ survey purported to have been made a day sooner than that of Boyd’s, and as the two exterior corners and line of Barnes were as well established as those of Boyd, it was as just to ascertain his lost divisional corner and line by beginning at his two corners, and pursuing the same process. It was further ob *156 jected by the defendant, that the jury ought to be left at liberty to suppose that the surveys of Barnes and Boyd were, made in one inclusive survey, with the exterior boundaries thereof, only marked, and upon that supposition or finding, to find the division line where it was intended to be, running from the middle point of one end line of the inclusive survey to the like point in the other end line, and thereby dividing it into two equal parts. The court overruled the objections, and gave the instructions as required by plaintiffs. To which the defendant excepted.
Defendant offered to prove by a written agreement entered into by and between John Breckenridge for himself and as agent for Preston and Smith, on the one part, and Boyd on the other: That it was agreed on the 8th day of October, 1793, between the parties thereto—viz. Boyd proprietor of the survey of Boyd; and Breckenridge, Preston and Smith who owned the survey of Barnes, that a line run through the survey, as an inclusive one, bisecting exactly the two end lines, should, to quiet all disputes upon the subject, be the dividing line between the two claims. Breckenridge was acknowledged to own, at the time of the aforesaid agreement, one-third part of Barnes’s tract, and his authority to act for Preston was proved by the deposition of the said Preston; his authority to act for Smith was proved by a letter from Smith to him, on that subject, acknowledged to be in the hand writing of the said Smith: but the court refused to permit such proof, and excluded it from the jury. To which refusal and exclusion by the court the defendants excepted. There was a verdict and judgment for the plaintiffs; to reverse which, defendant has sued out this writ of error.
The assignment of error questions the correctness of the opinion of the court in both the instances aforesaid. This court is not able to perceive distinctly, why the court below should have directed the jury to begin at the corners of the exterior side line of Boyd’s survey rather than at the corners of the exterior side line of Barnes’s survey, in their search for the interior side line of their survey. The plaintiffs were to recover according to the boundaries of their own claim—net of Boyd’s. It is true that their survey called to adjoin that of Boyd. But as but one side line, and that the exterior of Boyd’s survey, was run and marked, there could be no more certainly of finding the dividing line between the surveys of Barnes and Boyd, by beginning a *157 nd running the patent course and distance, from the corners of the marked line of Boyd, than by beginning at the corners of the exterior side line of Barnes’s survey, and pursuing the same process. In the latter case, at the end of the patent distance, pursuing its course, the line of Barnes’s survey dividing it from that of Boyd, would be ascertainly found as would that of Boyd by the other method; and found in either way, it would alike be the interior boundary line of Boyd’s survey—being common to both surveys as the dividing boundary line to each. It must be denominated Boyd’s as well as Barnes’s line, found in either way. Upon the supposition that all the lines of each of those surveys had been run when the surveys were originally made, the circumstance that the survey of Barnes calls to adjoin that of Boyd, is by no means conclusive evidence that the survey of Boyd was first made, particularly when in connection therewith reference is had to the dates of those surveys, that of Barnes purports to have been made one day earlier than those of Boyd and Carter. The date of the surveys would seem to be better calculated to settle the point of priority, than the call in Barnes’s to adjoin that of Boyd. That call might have been made by the surveyor upon his intention, when making the survey Barnes, to adjoin it by that of Boyd: intending it as a common boundary to the two surveys, he might in making either call it by the name of the other. But in fixing the date of either survey, no reason other than the truth of the fact. viz. the real date, can be supposed to have influenced him. But reason and propriety would seem to dictate, that in ascertaining the lost corner or line of a survey, we should commence at, and proceed from, some known corner of that survey. The corners of Barnes then should have been prefixed in this process to the corners of Boyd. But as it is evident that those two were made in one inclusive survey, and that there is a large quantity of surplus land within it, a line dividing it equally would seem to have been the rational and equitable mode of ascertaining the boundary of either. The court should not have precluded the jury from ascertaining the lost corners and line of Barnes’s survey by beginning at his known corners, or by bisecting the end lines of the two in one inclusive survey; nor should they have excluded the proof offered by defendant of the agreed line, made by the proprietors, in the view to settle and silence dispute upon that subject. The principles upon which *158 it was made seem to be equitable and rational, and the proof of its existence was certainly of a competent character:—boundary may be proved by every kind of evidence which is admissible for the establishment of any other fact—and when the boundary is ancient, even reputation is admissible for its establishment.
If two surveys adjoin, and neither the middle corners or dividing line were made or run, the surplus shall be divided.
Pope and Haggin for plaintiffs, Wickliffe for defendant.
The judgment must be reversed with costs, the cause remanded, with directions that the verdict be set aside, and farther proceedings had therein not incompatible with the opinion herein pronounced.