THIS was an action of ejectment.. On tlie trial in the circuit court, it appeared from the evidence, thai the lessor of the plaintiff claimed title under the elder grant, and the defendants under the junior, which interfered with each other; that, about ten or twelve years ago, the defendants had given leave to one Watson to fence up a part of the land in controversy, within the interference; that Watson occupied the enclosed ground for five or six years, and then moved away, sincé which it has not been occupied under the defendants, nor any part of the interference, and the enclosure made by Watson had, for four or five years, been thrown down and the rails nearly all removed. It also appeared, that the defendants had for some years lived, and still live within the boundaries of the patent under which they claim, but outside of the interference with that of the lessor of the plaintiff, and that the improvements, where they settled, were not upon the interference. The defendants then read in evidence a patent in the name of Barbour, elder than that under which the lessor of the plaintiff claimed, and to show that it covered part of the ground in controversy, asked a witnéss, whether certain lines were, before the commencement of this suit, generally reput,. cd in the neighborhood to be the lines of Barbour’s survey ? To which the lessor of ths plaintiff objected ; but the court overruled the objection and permitted the question to beaeked, and the lessor of the plaintiff excepted,
An ancient boundary cannot gene, rally be proved oth«’wise than tion%onsequeñtly, evidence going to show_that were generally reputed to be the ticularan-'11"" clent survey, is admissible,
A defendant in ejectment right ofen? a in a third person, will ^í^t'ff16
to compel the speedy ad justment of ^"lie^onl’ to those cases in which the possession has been acquired and continued by actual settlement upon the land, and hot to those in which possession lias been obtained by entry-on the land, and enclosing it with a fence or otH, erwise.
*3 Dig 865.
Affer the evidence was closed, the court, on the motion of the defendants','in.s<runted the jury. 1st, that if they believed, from the evidence, that Barbour’s patent covered any part of the land in controversy, to that extent they must find for. the defendants ; 2d, that if they believed, from the evidence, that the patent under which the defendants claimed, covered the land in controversy, and that the d= fendants, by themselves or tenant, had settled upon or taken possession of a part of the interference between them and the lessor of the plaintiff, and had not abandoned the same, the law, as to the whole of the interference, was for the-defenSdants. To which instructions the lessor of the plaintiff excepted.
Some instructions were then asked for by the lessor of the plaintiff, and refused by the court, and a verdict and judgment having been rendered against him, he has appealed to this court.
2. 'I'he first point proper to be noticed, is, as to the admissibility of the evidence of the reputed boundaries 0f Barbour’s survey. That the evidence was proper- ^ admitted, we think there can be but little room to doubt. What any one, even a person who had been at the making of the survey, had been heard to' say, wouj[}) no doubt, be inadmissible, unless the death of such person was first proved ; but there is a difference between hearsay of a particular fact, and general reputation. From the nature of the thing, an old bounda. ^ cannot, in general, be proved by direct and positive proof; and reputation is, therefore,from necessity, admissible.
3. The next subject of.enquiry is presented by the instructions given by the circuit court, on the motion ^10 defendants. The first of these instructions is nrquestionably correct. The patent to Barbour being elder than that under which the lessor of the plaintiff claimed, showed that the right of entry wras in the lonnei'> an(l not flie latter, to the extent it covered Sr0lIn(l l'1 controversy ; and, of course, to that ox-tent the lessor of the plaintiff could not recover,
4. But in the second instruction, we think the circuit erred. The act of 1809*, to compei the speedy adjustment of land claims, which limits the time to recover land to seven years, has been construed to ap~ ply only to those cases in which the possession has *161 been acquired and continued by an actuál settlement upon the land, and not to those in which the possession has been obtained by entry upon the land, or enclosing it with a fence or otherwise. But the circuit court, in this case, instructed the jury, that if the defendants had either settled upon, or taken the possession, and continued it until the commencement of the suit, the law was with them; and, of course, the jury, accord ingto the instruction given by the court, would have been bound to find for the defendants, although they might have obtained the possession by entry upon the land, or enclosing it, without any actual settlement upon it. The instruction is therefore erroneous.
The judgment must be reversed with costs, and the cause be remanded, for new proceedings to be had, not inconsistent with the foregoing opinion.