JAMES C. BROOKS *v.* E. F. FRIZBY, ET AL.

**Real Estate Boundary—Evidence.**

Evidence of reputation is admissible to establish an ancient corner or boundary but it is not evidence of reputation for a witness to say that he ascertained from others that a certain point was a boundary. It is the province of the court and not of witnesses to weigh the evidence and draw conclusions, except where witnesses testify as experts, when they may sometimes give opinions on questions of fact.

## APPEAL FROM LOUISVILLE CHANCERY COURT.

### June 7, 1877.

Opinion by Judge Cofer:

If the point indicated on Heming's map as Mann's Lick is the point called for by that name, then it is clear that the patent to Raquett covers the land in litigation; and on the other hand, if there is no sufficient evidence of the identity of that point with the point called for, the survey has not been located, and it will be unnecessary to consider other objections urged against the validity of the appellant's paper title.

The only evidence in the record of the location of Mann's Lick is the following: Heming made a map of what he designates as Raquett's patent for 15,000 acres. In a memorandum indorsed on the margin he says: "The exact point of Mann's Lick I ascertained from the deposition of Elisha Quertermous, taken in 1825, with the assistance of others who professed to know the house and house well, as points of reference in said deposition." The map and memorandum were made part of his deposition and were not excepted to. There having been no exception, the evidence must be considered, provided it would have been competent as secondary evidence if the proper foundation had been laid for that purpose, for one who does not except to that character of evidence waives the right to object to it at the trial or in this court. If it had been excepted to and excluded it might have been made competent. But if it is of such a character that it could not have been made competent as secondary evidence, then it may be objected to and disregarded at any stage of the proceeding.

Whatever may be the rule in England, or in other states of the Union, it must be regarded as settled law in this state that evidence of reputation is admissible to establish an ancient corner or boundary in which but a single proprietor is interested. *Smith v. Nowells*, 2 Litt. 159; *Smith v. Prewit*, 2 A. K. Marsh. 155.

But even in England, or in those American states in which the foregoing rule is not recognized, evidence of reputation is admissible to prove an ancient boundary when many persons are interested in it, and it thereby becomes a question of common or general interest to many. 1 Greenleaf on Evidence, § 555, note. We are, therefore, of opinion that the sworn statement of Quertermous as to the situation of the point called Mann's Lick would have been admissible as evidence of reputation, if it had been shown that he had possessed

opportunity to know its location, and that he was dead. Neither of these facts was shown. But as they might have been shown if the evidence had been objected to, we assume that they exist, and that it was because the appellees knew it that they did not except.

But even this assumption does not render the evidence admissible. Heming does not say that Quertermous said that Mann's Lick was at the point indicated on his map. He does not say what Quertermous said. All he says is that he ascertained the exact point from the deposition, "with the assistance of others who professed to know the house and house well, as points of reference in said deposition." It is as if he had said, "from what Quertermous swore, and what I learned from others who professed to know the house and house well, referred to in the deposition, it is my opinion that Mann's Lick was at the place designated."

It may be that on the facts appearing to have been stated by Quertermous, and the information Heming had from those he called in to assist him, his conclusion was right. But it is the province of the court and not of witnesses to weigh the evidence and draw conclusions, except when witnesses are called as experts, when they may sometimes give opinions on questions of fact.

Having failed to locate Mann's Lick, and consequently to show that Raquett's patent covers the land, it must be adjudged that the appellant has failed to exhibit a paper title. That the locus in quo is covered by the patent to Joseph Brooks, and that the appellees are vested with his title to the line N. 3 V/2 W., is conceded, unless the appellant has acquired title by possession.

It is not claimed that he entered upon his purchase from Thatcher until long after Mrs. Standeford entered on the land devised to her by Squire Brooks. Mrs. Standeford, having entered with title, while the appellant's tract was unoccupied, was possessed to the extent of her boundary, and his subsequent entry, outside of the interference, did not divest her possession. And as she never had an actual inclosure or occupation within the lap, she and those holding under her have all the while been in legal possession of the land sued for, and the judgment must be *affirmed*.

*J. F. Bullitt, Badger & Doll, for appellant.*

*I. & J. Caldwell, Winston, for appellees.*