## Ingram v. Tucker

(Decided January 31, 1913.)

### Appeal from Adair Circuit Court.

1. Pleading—Amended Answer Conforming to Proof May be Filed After Submission—Discretion of Court.—The court did not abuse a discretion in allowing an amended answer to be filed after submission conforming to the proof and perfecting the defense attempted to be set out in the original answer.

2. Land—Acquiring Title by Adverse Possession.—Two adjoining owners having agreed on the line between them and recognized it for thirty years, each holding up to the line which was plainly marked, a title by adverse possession is acquired up to this line which may be asserted against a purchaser without notice from the elder title, although the line so recognized was not the true line between the parties.

J. F. MONTGOMERY, for appellant.

ROLLIN HURT, for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON.— Affirming.

W. I. Ingram brought this suit against Frank Tucker and his wife, Belle Tucker, alleging in his petition that he was the owner and in the actual possession of a tract of 139 acres of land described therein by metes and bounds; that the defendants were setting up the claim that the defendant, Belle Tucker, owned 27 1-4 acres of the land, and was trespassing upon it. He prayed that his title be quieted, and that the defendants be enjoined from trespassing on the property. The defendants by their answer traversed the allegations of the petition and alleged affirmatively that the defendant, Belle Tucker, was the owner and in the possession of the 27 acres referred to, and had been for more than twenty-five years last past, claiming to own the same and exercising acts of ownership over it. A reply was filed controverting the affirmative allegations of the answer, proof was taken and the case was submitted to the court for judgment.

Ten days afterwards and before judgment was given, the defendants tendered and were permitted to file an amended answer over the plaintiff's objection, in which they alleged that Belle Tucker, claimed the land under Thornton Jones to whom it was patented in the year 1859, and who then took actual possession of it by settling upon it; that Joseph Knifley who was then the owner of the tract of land claimed by the plaintiff, and under whom the plaintiff claimed, was living on that tract; and that a division line was agreed on between Jones and Knifley, the same line to which the defendants now claim; that it was a plainly and notoriously marked line, and that both Jones and Knifley recognized this as the true line; and each from that time held possession up to it; that the defendant, Belle Tucker, held under Jones, and that she and those under whom she claimed had been in the adverse and undisputed possession of the land in controversy for more than 50 years. The amended answer was taken as controverted of record and the court thereupon entered judgment in favor of the defendant. The plaintiff appeals.

It is complained that the circuit court erred in allowing the amended answer to be filed; but it was filed simply to conform to the proof which the defendants had taken; and it in fact only pleaded specifically facts which might have been proved under the general issue made in the original answer. We do not therefore see that the filing of the amended answer in any wise substantially affected the case; for in the original answer the defendants had pleaded that the defendant, Belle Tucker, was the owner of the land, and was and had been for thirty years in actual possession of it; and under this allegation, she could have introduced proof showing either a title of record or a title by adverse possession. The amended answer simply set out more in detail the defense which was attempted to be made by the original answer.

The plaintiff's title comes in this way: On October 23, 1782, a patent was issued by the state of Virginia to John Humber for 800 acres of land. On January 26, 1810, the Register of the Land Office of Kentucky made a deed to Edward Pleasants for 279 acres of the tract under a tax sale of the property as belonging to John Humler. From Edward Pleasants the property passed by various conveyances until 139 acres of it was conveyed to Joseph Knifley in the year 1840; Ingram's title

is under a deed from the heirs of Joseph Knifley who died in the year 1887. No witness who was introduced for the plaintiff knew the location of any of the corners or the lines of the original patent or of the deeds of division made after the purchase of the 279 acre tract by Pleasants. But a survey was made which if the corners were correctly located showed that the 27 acres in controversy was included in the 139 acres conveyed to Knifley. The correctness of the location of these corners depends entirely upon circumstantial evidence not wholly satisfactory, most of the lines running through land which has either been cleared or from which most of the timber has been cut, and there being no positive proof as to the location of the corners or lines of the deed to Knifley. The defendant's title is derived from the Jones patent issued in 1859, the lines and corners of which are clearly established; and there is no doubt that the 27 acres in controversy is included in that patent. But the Humber patent is the older of the two and superior. The defendants showed that Jones settled on his patent at the time he obtained the title and continued to live there until his death; the defendant, Belle Tucker, obtaining the title from him, and she has lived on her part of the land since she acquired it. During all this time the line as claimed by the defendants has been plainly marked. It was recognized by Knifley as the true line between him and Jones and was recognized by Jones as the line. It was recognized by the children of Knifley after his death, and by Mrs. Tucker after she acquired the property. Knifley cut the timber on his side of the line, cautioning his men not to get over it and Jones cut the timber on his side of the line with the knowledge of Knifley. Each held possession up to the line from the time it was established in 1859, each living on the tract claimed by him and claiming and holding up to the line which both recognized and was a plainly marked line.

But it is insisted for Ingram that he bought the title of record; that he had no notice of any secret agreement between Knifley and Jones establishing any other line than that called for in the deeds. It is urged that an unrecorded deed could not be introduced against him, and that the verbal agreement by Knifley is equally ineffective against him, he being a bona fide purchaser without notice. But the purchaser of a title of record

gets only title to land not in the adverse possession of others. If the title to the land has been acquired by another by adverse possession this title is not affected by the purchase of the record title from the owner of that title. When Jones and Knifley established a division line between them, and each recognized and held up to that line, each was in adverse possession of the land on his side of the recognized line. And when Jones living on his patent had so held the land for 15 years, his title became as perfect as if his patent had been the older and superior patent. We therefore conclude that Mrs. Tucker who holds under the Jones title was properly adjudged the land. (Warden v. Addington, 131 Ky., 296; Blanton v. Howard, 148 Ky., 550.)

Judgment affirmed.