## Duff, et al. v. Hodges' Guardian, et al.

(Decided March 5, 1926.)

### Appeal from Leslie Circuit Court.

1. Pleading—Court Held to Abuse Discretion in Failing to Permit Amendment to Answer to Give Omitted Description of Lands After Submission of Case on Pleadings (Civil Code of Practice, Section 134).—In action concerning ownership of land, where answer alleged that description of land claimed would be given when survey was made, but, due to negotiations for settlement

and loss of papers, defendant neglected to file amendment showing boundaries until after submission on pleadings, court abused discretion in denying defendants' motion to file such amended answer, in view of Civil Code of Practice, section 134, providing for amendments.

2.    Appeal and Error—Trial Court's Action as to Amending Pleadings or Setting Aside Judgment Will Not be Disturbed, Unless Discretion was Abused.—Trial court's action in granting or refusing right to file amendments or motion to set aside judgment during term at which it was entered will not be disturbed, unless court's discretion was abused.

J. M. BICKNELL and J. M. MUNCY for appellants.

MARTIN T. KELLY for appellees.

OPINION OF THE COURT BY TURNER, COMMISSIONER—
Reversing.

Appellee Nuckols, guardian, and A. J. Asher brought their action against Duff and others alleging the plaintiffs jointly were the owners of two large boundaries of land in Leslie county, described by metes and bounds, and that defendants had unlawfully and without right and against their will entered upon the same and taken possession of a part thereof and were wrongfully detaining the same, and prayed that they be adjudged immediate possession thereof.

Accompanying the petition was an affidavit of the plaintiff Asher disqualifying the regular judge of that district from sitting in the case.

The defendant Duff alone answered, and denied that the plaintiffs were jointly or otherwise the owners of any part of the lands described in their petition in so far as the same interfered with or lapped upon the boundaries set forth in the answer. He then sets forth in the second paragraph of his answer the description by metes and bounds of four separate tracts of land to each of which he asserts paper title deducible from the Commonwealth as well as title by adverse possession.

Then as to a fifth tract he alleges that it adjoins the tract No. 1 described in the answer and contains 50 acres, more or less, and that "a more specific description of which will be given as soon as said land can be surveyed." He asserts title to the last named tract by adverse possession, and alleges that for the statutory period there has been a fence around the whole of the

same, and it had been adversely held against the whole world during that period.

This answer was filed the first term of court after the filing of the petition, and doubtless for the reason that the regular judge was disqualified from sitting, no further step of any kind was taken in the action until the March term, 1925, when a special judge was present. During that term the case was set for hearing. Prior to that time the survey mentioned in the answer of the fifth tract had been completed, but no amendment had been tendered giving a specific description of that tract. When on that day the case was called for trial the parties submitted the action on the papers for judgment, but before judgment the court asked whether the survey had been made, plainly having reference to the fifth tract of land, and while the court was still in session on that day the defendant asked permission to file an amended answer setting up the definite boundary to the fifth tract of land mentioned in his answer, and the court overruled his motion and entered judgment on the pleadings against him as to the fifth tract, obviously because the description of the same was insufficient.

On the next day after the entry of this judgment, defendant Duff entered a motion to set aside the judgment and tendered and offered to file his amended answer giving a specific description of the tract No. 5, which motion the court overruled. Then on the second day after the entry of the judgment the defendant filed his motion and grounds for a new trial, and in support thereof three affidavits in which it is disclosed that the survey referred to in his original answer had been made, and that defendant had attempted to find the papers in this action several times at the clerk's office, and had made this effort several times up to that term of court, and had been unable to find them and could not therefore have prepared and filed his amendment; that during a part of that time there had been pending between the parties negotiations to settle the controversy, and plaintiffs had actually made an offer conceding to him all he claimed except about four acres, and that the negotiations continued up to the very day the judgment was entered. Those affidavits also disclose that just prior to the term the judgment was entered a careful search of the clerk's office was made without avail, and the parties were informed by the deputy clerk that the papers were missing from the office and could not be located; and the

deputy clerk's affidavit discloses that between the last term and the March term, 1925, of that court she had at intervals made diligent search for the papers in this action, and had been unable to find them until during the last named term when the papers were found by her on a table in the office, and that she did not know who placed them there.

The court overruled the motion and grounds for a new trial, and the only question on this appeal is whether in so doing it abused its discretion.

Clearly the defendant and his counsel, although they had prepared to perfect his answer as to the fifth tract by having the survey made, overlooked the fact at the time the cause was submitted on the pleadings that such amendment had not been filed, notwithstanding it had been promised in the original answer; and doubtless this occurred by reason of the fact that the papers had been misplaced and could not be found, and the additional fact that up to that very day negotiations for a settlement between the parties had been pending, and apparently they were near to an agreement.

It is true this court will not interfere with the discretion of a trial court in granting or refusing the right to file amendments, or in granting or refusing a motion to set aside a judgment during the term at which it was entered, unless there has been an abuse of such discretion; but under the facts here presented, and under the provisions of section 134 of the Civil Code we are impelled to the conclusion that in this case there was an abuse of such discretion. Not only had there been no hearing upon the merits as to the fifth tract, but defendant in his answer had specifically set forth the fact that he could not then give a definite description, but promised to have a survey made and file an amendment giving the same. That this fact was not overlooked by the court is apparent from the inquiry made by him whether such survey had been made, and we are unable under the state of this record to say he did not abuse his discretion in refusing to permit that amendment to be filed, and in refusing to grant the defendant a new trial, when it was apparent upon the face of the whole transaction that defendant's attorney had merely overlooked the doing of a thing which his original pleading showed he knew was necessary, and which he in good faith intended to do.

Section 134 of the Civil Code provides:

"The court may, at any time, in furtherance of justice, and on such terms as may be proper, cause or permit a pleading or proceeding to be amended, by adding or striking out the name of a party; or, by correcting a mistake in the name of a party, or a mistake in any other respect; or by inserting other allegations material to the case; or, if the amendment do not change substantially the claim or defense, by conforming the pleading or proceeding to the facts proved. And, if a proceeding taken by a party fail to conform in any respect to the provisions of this Code, the court may permit an amendment of such proceeding, so as to make it conformable thereto. And, if the allegations of a pleading be so indefinite or uncertain that the precise nature of the claim or defense is not apparent, the court may require the pleading to be made definite and certain by amendment. The court must, in every stage of an action, disregard any error or defect in the proceedings, which does not affect the substantial rights of the adverse party; and no judgment shall be reversed or affected by reason of such error or defect."

Plainly the provision in that section that where a pleading is so indefinite or so uncertain that the nature of the claim or defense is not apparent, the court may require the pleading to be made more definite and certain, applies to the state of case we have here; for certainly if the court may require such an amendment it would appear to be its duty to permit the same although offered after submission. Ingram v. Tucker, 151 Ky. 827. The amendment did not change, but only perfected, the defense in the original answer as to the fifth tract.

The procedure in the administration of justice is often complex and confusing, but when upon the face of the transaction there has been no hearing upon the merits, and the court has it within its power to bring about such a result without interference with the well recognized rules of procedure, then it cannot be said that it has not abused its discretion in taking such action as may defeat a just claim or a good defense.

It results from what we have said that the court abused its discretion in not granting appellant a new trial, setting aside the judgment, and permitting him to file his amendment as to the fifth tract.

The judgment is reversed as to the fifth tract involved, with directions to set aside the same as to that tract, permit defendant to file his amendment, and for a hearing upon the merits.