## Combs et al. v. Jones.

(Decided March 27, 1936.)

S. M. WARD for appellants.

CRAFT & STANFILL for appellee.

OPINION OF THE COURT BY DRURY, COMMISSIONER
—Reversing.

In an action begun by Mahlon Jones he was adjudged to be the owner of a described tract of land in Perry county, and the defendants were enjoined from trespassing thereon, from which the defendants prosecute this appeal.

### The Defense

The first paragraph of the answer traversed the petition; in the second defendants described their property in which the western line of their property is described as following the eastern line of Mahlon Jones. They then described this line as being a conditional line running along the ridge dividing the waters of Will's branch and Orchard branch on the west from the waters of Bowman branch and Grave branch on the east. By paragraph 3 they set out this conditional line with greater elaboration. By reply the plaintiff put all of this in issue.

### The Facts

Mahlon Jones claims to be the owner of the Wm. Collinsworth survey No. 14,168 issued August 15, 1849, the patent to which contained a seemingly accurate description of it by courses and distances, but when Jones acquired it in 1897 he accepted a deed containg a sort of stump and stone description of it which no surveyor undertakes to map out and identify with the Collinsworth survey, but we have in our consideration of the matter assumed that it followed the Collinsworth patent. A portion of the eastern end of this Collinsworth patent overlapped and included a triangular shaped portion (about 30 acres or more) of the Wm. Merida

patent No. 8,333, issued July 15, 1846; hence this Collinsworth patent was void so far as this interlock of thirty acres is concerned, and conferred no title whatever to this 30 acres.

There does not appear to have ever been any such actual occupation and use of this interlock by Jones or any one of Jones' grantors as would confer title thereto by adverse possession according to the requirements laid down in Flynn v. Blakeman, 254 Ky. 416, 71 S. W. (2d) 961. See 2 C. J. p. 246 sec. 538. The evidence as to possession by Jones and his grantors (junior patentees) of any other portion of this Collinsworth patent we need not consider, for such would not confer title to any portion of this interlock unless it is maintained within the interlock, and there is no evidence of any acts of possession within this interlock further than the occasional cutting of timber therein, and this appears to have been done by first one and then the other. So far as this lappage or interlock is concerned, it will be treated as a separate and distinct tract of land, and to acquire title to it Jones (as junior patentee) must show an adverse possession within it for the requisite time. Possession elsewhere within this Collinsworth patent is of no avail to him within this interlock. 2 C. J. p. 245, sec. 535, note 17.

Under the facts established in this case we need not say what would result from possession under Merida of portions of the Merida patent outside of the interlock. See 2 C. J. p. 246, sec. 538.

The property in dispute lies within this interlock, and to recover Jones must show title thereto within himself. The patent under which he claims being void as to this interlock, he cannot recover under it; and no title by adverse possession within the interlock being shown, it follows he had no title, and hence no right to recover. The evidence is not sufficient to show the establishment of a conditional line along the ridge, but as Jones must lose anyway, we need say nothing more about that line.

The judgment is **reversed, with directions to dismiss the petition.**