## Cline et al. v. Blackburn et al.

Jan. 19, 1943.

714

W. R. McCoy for appellant.

Jasper H. Preece for appellee.

OPINION OF THE COURT BY JUDGE REES—Reversing.

The widow and children of Hutson Blackburn, deceased, brought an action against Dolly Cline and Homer Cline, her husband, to quiet the title to 10 or 12 acres of land in Martin county. The circuit court adjudged that the plaintiffs are the owners of the land, and the defendants have appealed.

The appellees trace their paper title to the land to a patent issued to William Fraley July 12, 1865, for 155 acres, and appellant Dolly Cline traces her paper title to a patent issued to Robert Meade January 15, 1855, for 100 acres. It is admitted that the two patents overlap to the extent of 10 or 12 acres, and this overlap is the land in dispute.

On April 3, 1877, Robert Meade conveyed to Pleasant McCoy 1,500 acres of land, including the land covered by the 100-acre patent issued to him in 1855. Pleasant McCoy lived on the land until his death when it was inherited by his son, A. J. McCoy. T. J. McCoy inherited it from his father, A. J. McCoy, and conveyed it in 1917 to appellant Dolly Cline, granddaughter of A. J. McCoy. William Fraley conveyed the 155-acre tract patented by him in 1865 to Allen Blackburn in 1881. Allen Blackburn died intestate, and the land was inherited by his children and grandchildren. His son, Hutson Blackburn, purchased the interest of the other heirs and upon his death, intestate, the land was inherited by appellees.

The Fraley patent under which appellees claim is junior to the Meade patent, and is void to the extent of the overlap. Gillis v. Martin, 284 Ky. 714, 145 S. W. (2d) 1051; French v. Childers, 280 Ky. 339, 133 S. W. (2d) 63; Elkhorn Coal Corporation v. Jacks Creek Coal Company, 240 Ky. 769, 43 S. W. (2d) 13. Appellees sought to establish title by adverse possession, but the evidence produced by them was wholly insufficient for that purpose. The lines of the land in dispute were run by three surveyors, and they agreed substantially on their location. According to one of the surveyors the tract in dispute contains 10.6 acres, and according to

the other two the tract contains slightly less than 12 acres. It has always been and is now unenclosed land. The appellees invoke the rule that where one claims under color of title and is in actual possession of a part of the land within his well defined boundary, the law by construction carries his possession to the full extent of his boundary. This rule is subject to exceptions, however, one of which is that it will not prevail as against superior title unless the entry and possession be upon the interference. Where two patents overlap possession of any portion of the junior patent, other than the overlap, is insufficient to confer title by adverse possession to the overlap. Jones v. Hargis, 286 Ky. 353, 150 S. W. (2d) 928, Turk v. Wilson's Heirs, 266 Ky. 78, 98 S. W. (2d) 4; Combs v. Jones, 263 Ky. 507, 92 S. W. (2d) 740; Federal Gas, Oil & Coal Co. v. Harmon, 254 Ky. 255, 71 S. W. (2d) 630. There is proof that Allen Blackburn at one time lived on the Fraley patent, but for what length of time does not appear. Neither the appellees nor their predecessors in title have lived on the land for more than 40 years. A small portion of the land outside the interference is enclosed and has been cultivated, but no part of the interference has been enclosed at any time. Appellant Dolly Cline and her predecessors in title have been in actual possession of the land included in the Meade patent continuously since 1881.

Appellees also claim that the Fraley patent line was established as a conditional line by the owners of the respective patents many years ago. The evidence on this point is vague and indefinite, and fails to show that a dispute as to the location of the boundary line existed. If a dispute did exist it concerned the superiority of the respective titles and not the location of the dividing line. According to the proof there is no uncertainty concerning the true location of the exterior lines of either the Meade patent or the Fraley patent. Furthermore, the line, if agreed upon, was not marked by the parties, and the element of acquiescence in and recognition of the agreed line for any considerable period of time is lacking. In Bordes v. Leece, 183 Ky. 146, 208 S. W. 780, 783, it was said:

"Whatever may be the rule which applies to the enforcement of a parol agreement establishing a dividing line between adjoining landowners when

716

the exact location of the line is in doubt and the subject of dispute between the owners, and where the evidences of the true line are uncertain, and there is no question of superiority of title growing out of overlapping title papers, the same rule does not apply as when, in establishing a dividing line by parol, each of the parties gives up portions of his lands to the other, or where there are overlapping title papers, as patents and deeds, and the controversy is as to the superior title, and the true line depends upon the superior title. In the first instance a parol agreement as to the dividing line is upheld, when the line has been agreed upon and plainly marked, as it is held that such an agreement does not result in an exchange of any lands, and hence is not within the statute of frauds. In the second instance, the line must be agreed upon, and the parties take actual possession up to the line, and continue the possession for a considerable time. In the last-mentioned instance, the line must be agreed upon, and plainly marked, and acquiesced in and recognized by the parties as the true dividing line for a long or considerable period of time.''

Appellees' proof falls far short of this requirement.

The judgment is reversed, with directions to enter a judgment in conformity herewith.