## Conley et al. v. Conley et al.

May 14, 1948.

D. G. Sublett for appellants.

M. F. Patrick for appellees.

OPINION OF THE COURT BY JUDGE LATIMER—Affirming.

The objective of this action is the cancellation of two deeds. The surviving children and grandchildren, heirs-at-law of Thomas Conley, who died intestate on the 14th day of March, 1943, are the parties litigant.

The Conleys had reared a family of 12 children. According to the record the wife of Thomas Conley became critically ill in 1921. The other children of the family persuaded appellee, Virgie, who had just married John Mullins, to go to the home of their parents to stay with and take care of their mother during her illness. This she did. Soon afterwards Virgie's husband, John Mullins, died. The mother died in 1923. Virgie afterwards married a Mr. Howard and continued living with her father. Virgie's brother, Ben Conley, also resided in the home with Virgie and her father. Some time in 1929, although the deed is not here, Thomas Conley executed a deed to Ben Conley and Virgie Howard whereby, in consideration of their caring for him the remainder of his life, paying his burial expenses and erecting a suitable monument at his grave, he conveyed to them the farm in question which was the home place on which the 12 children had been reared. The grantor reserved during his life the rental from oil and gas and all timber 12 inches or more in diameter with the right to sell and dispose of same in his lifetime and at his death to pass to the grantees.

It appears from the record that Thomas Conley and the grantees became somewhat disturbed upon receiving information that the original deed was possibly no good. On October 16th, which was within a few weeks after the original deed had been executed, they became parties to two conveyances of this land, the first in which Ben Conley and Virgie Howard reconveyed it to Thomas Conley, and Thomas Conley then reconveyed the same land back to Ben Conley and Virgie. These deeds were simultaneously recorded in the office of the County Clerk of Magoffin County on the 2nd day of November 1929. The consideration recited in the last deed was $200. However, the evidence discloses that the consideration was $400, ½ of which was paid by each of the grantees, Ben and Virgie. This last deed contained the following reservation. "The first party reserves the oak timber on the above named and described tract of land from 12 inches in diameter and up,

also a right of way over said land to remove said timber. First party is to have the money for the oil and gas as long as he lives, at his death the oil and gas falls back to the land.''

Ben Conley and Virgie, whose last name now is Bailey, continued to live with the father until his death. They cared for him and did everything as provided in the first deed even to the erection of a suitable monument at his grave after his death. As stated above, Thomas Conley died intestate in 1943.

This suit was brought by the remaining children and grandchildren to cancel the deeds on the grounds of mental incapacity and undue influence alleged to have been practiced by appellees, Ben Conley and Virgie Bailey. At a hearing before Special Judge Edward L. Allen judgment was rendered in favor of appellees. The plaintiffs prosecute this appeal.

Appellants seem first to take the position that the answer as filed failed to deny the plaintiffs' petition as the law requires. There is no merit in this contention. The answer admits the execution of the deeds referred to in plaintiffs' petition but denies each and every other allegation contained therein. This blanket denial is sufficient as will be noted in Civil Code of Practice, Section 113(7) as amended 1942, Acts 1942, c. 200.

Complaint is next made that two amended answers were permitted to be filed about 1 year after all the evidence of all parties had been closed but before judgment. These amended answers pleaded statute of limitations and laches. There is no merit in these contentions. These are matters resting in the discretion of the court, and unless there is a manifest abuse of that discretion we will not disturb the court's action. Ingram v. Tucker, 151 Ky. 827, 152 S. W. 957.

Most of appellants' brief is directed to the question of incapacity of the deceased, Thomas Conley, to execute a deed. Considerable evidence was taken by appellants, much of which was the testimony of parties in interest. The appellees also took considerable evidence in opposition to that of appellants. The record shows that a number of disinterested witnesses testified that Thomas Conley was mentally sound and capable of do-

ing business. Lee Conley, a brother of Thomas Conley, who also acknowledged the deed, testified that his brother was mentally capable of making a deed and in fact dictated the reservations quoted above.

There is no evidence of any overreaching or undue influence upon the part of appellees. A careful perusal of the testimony shows not only that there is evidence to support the chancellor in his findings but really that the evidence preponderates in favor of that finding. It is a well settled rule of this Court that we will not disturb the chancellor's judgment on facts even in doubtful cases. Coffee v. Bushong, 230 Ky. 154, 18 S. W. 2d 973; Fitzpatrick, Adm'r v. Citizens Bank & Trust Company, 231 Ky. 202, 21 S. W. 2d 254.

Thus concluding it is entirely unnecessary to pass upon the questions raised by appellees as to limitations and laches.

Wherefore, the judgment is affirmed.