## Hail et al. v. Haynes.

February 28, 1950.

R. C. Tarter, Judge.

John M. Perkins for appellant.

H. C. Kennedy for appellee.

JUDGE HELM—Reversing.

Appellant, Bailey Hail, and appellee, Sherman Haynes, own adjoining farms on the waters of Buck Creek in Pulaski County. This is an action by appellee in trespass to recover for timber alleged to have been

cut and removed from appellee's land. At a trial the jury found for appellee. Appellant appeals.

Appellee, 81, is a son-in-law of David Jenkins. In his petition he states that he is the owner in fee simple and in possession of a tract of land on the waters of Buck Creek in Pulaski County, 200 acres more or less, bounded in part and on the side next to Hail as follows:

From "* * * a maple, * * * S 40 W 29 poles to two chestnut oaks, * * * S 7 W 48 poles to a hickory, * * * S 28½ W 20 poles to a sourwood and chestnut, * * * S 87 W 30 poles to a black oak, * * * N 57 W 98 poles to a hickory and spotted oak, McDowell's old corner, * * *."

Appellee says the land in dispute, a 30-acre tract, was conveyed by Jesse Sears to Larkin Edwards March 12, 1869. This deed was not recorded until October 22, 1947. L. E. Edwards and wife conveyed this tract to David Jenkins by deed of August 27, 1894. That deed was not recorded until October 18, 1939. By deed of March 5, 1904, and subsequent deeds from the Jenkins' heirs, appellee became the owner of the David Jenkins land, except a one-seventh interest inherited by his wife. Appellee says he has lived on this tract about 56 years. He and the heirs of his wife, who is dead, have now sold to Isadore Feldman, but without prejudice to his right to prosecute this action for damages and to receive as his own any damages which he may recover. The line in dispute is from a maple, an agreed corner, to the old McDowell corner, an agreed corner. In the deeds from the David Jenkins' heirs to appellee, the line in dispute runs from "a maple, a conditional corner made by J. M. Hail and Jesse Sears, Jr.; thence with said conditional line to the top of a ridge to a spanish oak and hickory, the McDowell corner." That part of the description in appellee's petition is the same as the description in the deed to Feldman, and is substantially the same as in the deed from L. E. Edwards to David Jenkins.

Appellee lives to the north of the tract in dispute, and appellant to the south of it. Frank Harris, surveyor for appellee, using the calls of the L. E. Edwards and wife to David Jenkins deed and the Feldman deed, began at the maple and ran to the old McDowell corner. He did not find the trees called for at Corners 3, 4 and 5, but did find stones, planted, it seems, by forestry surveyors for the Government. While the three deeds from

the heirs of David Jenkins to appellee call for a conditional or agreed line from the maple to the old McDowell corner, the deed from appellee and heirs of his wife to Feldman uses the calls of the Edwards to Jenkins deed in running from the maple corner to the old McDowell corner. Harris explains that the calls, allowing for variation, are substantially the same in the L. E. Edwards deed as in the original Larkin Edwards deed, except the distance of the last call is 98 poles instead of 42. Harris prepared a map showing in detail the corners from 1 to 6, with the courses and distances of the Edwards to Jenkins deed and other facts testified to by him. This map was introduced in evidence and is part of the record here.

Appellant, 73, married a daughter of Alex Sears. He and appellee live on adjoining farms. He has lived on his tract and has been acquainted with the line in question about 58 years. David Jenkins owned and lived on the Haynes farm when he first knew that tract; Alex Sears owned and lived on the tract now owned by appellant. Jenkins and Sears, while they owned the respective tracts, pointed out to him the line now in dispute. The line as pointed out to him by them ran about 50 yards south of a road which followed the top of a ridge, as shown on the map prepared by his surveyor, Velber Jasper. Hail holds his lands under a Master Commissioner's deed of May 17, 1909. This deed refers to deed from heirs and representatives of Jesse Sears to Charles K. and Margaret Hamilton, and deeds from James K. Hamilton and wife to Alexander Sears of March 26, 1890. Patent to Jesse Sears for 120 acres of land is made a part of the record. Appellant says the land in dispute claimed by Mr. Haynes is a part of the land embraced in the Jesse Sears 120-acre patent.

In his answer and counter-claim as amended, defendant pleads that he is the owner of a 120-acre tract on Buck Creek; that the line between his farm and the farm of Haynes runs from the maple to the old McDowell corner; a ridge runs east and west between the maple and McDowell corners; the line between him and Haynes is "on the south and east of said ridge;" all of the timber cut and removed, as set out in appellee's petition, "was cut and removed from appellant's side of said dividing line."

360

Appellant, using a map prepared by his surveyor, Velber Jasper, pointed out the maple, an agreed corner, and the line from it to two chestnut oaks, which appears to be an agreed corner. Asked about the line from the two chestnut oaks, he explained that "it runs below the road" south of a road which runs east and west along the ridge; that it runs near the road, about 50 yards south of it. For 40 years he has cut and sold timber from the tract of land on his side of the dividing line, which he pointed out to the jury. He was present when Government surveyors, running the lines of forestry tracts, ran the line now in dispute, ran it as Haynes claims and set up stone markers. He told them "it was my land, not to make that survey." He is the owner of the 120-acre Jesse Sears tract, except the Larkin Edwards 30-acre tract.

Hail says there has never been any dispute between Haynes and him as to the dividing line until very recently. He says that in 1890 Jenkins sold the timber off of his land. Appellee helped remove the timber for the buyers. Neither Jenkins nor Haynes, so far as he ever knew, sold or cut any timber beyond the line as claimed and pointed out by appellee. Asked about the Jesse Sears to Larkin Edwards deed, appellee said, "That's bought off my land." The line in the L. E. Edwards, or Lark Edwards, and wife to David Jenkins deed was read to him. Asked if this was the line, he answered, "Jesse Sears didn't run that way. * * * it ain't been the line all these years. * * * They showed me a conditional line through there." Asked, "You undertake to go with the road or ridge across there?" he answered, "That is where they showed me. * * * That's where I have always cut to, all my life." He says Larkin Edwards showed him the line "the same as David Jenkins" and so did "old man Frank Linville. He owned it once." Asked on cross-examination, "What corners did they show you, Mr. Hail?" he answered, "They showed me the maple, the chestnut oak was standing then and marked, it was dead, that has been sixty years ago, they showed from here to here to the chestnut and sourwood, they showed me the hickory and they said the conditional line had been made." He remembers an old field on the south side of the mountain. It was there 60 years ago. It was there when he first moved on the farm. The fence around it burned about 59 years

ago. The field grew up in timber. C. K. Hamilton was in possession of the field when he first knew it. The timber in dispute was cut from about five acres of this old field. Hamilton owned the property and conveyed it to Alex Sears; the heirs of Alex Sears conveyed it to appellee. He introduced in evidence two deeds from C. K. Hamilton and wife to Alex Sears; one of August 30, 1886, the other of March 26, 1890.

Velber Jasper, surveyor, with M. C. Wright, made survey for appellee; prepared and introduced in evidence a map showing both the line as claimed by Haynes, and the line as claimed by Hail. The first corner, the maple; the sixth corner, the old McDowell corner, and the second corner were pointed out to him by Hail and Albert Haynes, son of appellee, as agreed corners. He was not able to find the remaining corners as called for in the Jesse Sears to Edwards deed. The last call was not 98 poles to a hickory and spotted oak, but 42 poles to a gum. That survey would not close. The conditional or agreed line was pointed out to him by Hail and Reuben Sears. He pointed out that the deeds to Haynes do not give this line by courses and distances, but refer to it as a conditional line beginning at the maple and going to the old McDowell corner. The timber recently cut from the land in dispute was, in his opinion, "second growth timber."

Jack Waddle, 73 years of age, says Alex Sears told him, 50 or more years ago, that the line between him and "old man Jenkins runs near the top of a ridge." Virgil Baker heard appellant tell Mr. Humble, to whom he was selling timber about 17 or 18 years ago, to take the timber "up to the ridge road." Reuben Sears, 76, had known these two farms since he was 17; knew them when Alex Sears and David Jenkins owned them. When they were selling timber, the timber from the Alex Sears side was branded; the timber from the Jenkins side was not. The logs were hauled to the same log yard on Buck Creek. The division line for the logs "was close to a ridge road."

Appellee, plaintiff below, moved that the court withdraw from the consideration of the jury the testimony of the witness Reuben Sears, because it related to things that took place before 1894, the date of the deed from L. E. Edwards to David Jenkins. The court sustained

362

the motion. Appellee also moved that the court withdraw from the consideration of the jury the deed of C. K. Hamilton to Alex Sears of August 30, 1886, and the deed of C. K. Hamilton to Alex Sears of March 26, 1890. The court sustained this motion. The court admonished the jury that the testimony of Reuben Sears relating to things before the deed of the L. E. Edwards to David Jenkins deed was not competent. The court then withdrew from the jury's consideration "any statement by any witness with regard to the locating of the line before the date of the deed of L. E. Edwards to David Jenkins of August 27, 1894." Appellant saved exceptions to these rulings and the admonition of the court.

The court then permitted the reading of the interrogatories and answers of William H. Hamilton, 80, of Corydon, Iowa. Hamilton had known the Jesse Sears farm, formerly owned by his father, Charles K. Hamilton, since he was a boy. He recalled the ridge field, and that the fence around it was burned by a forest fire. The division line between David Jenkins and his father and Jesse Sears was south of the ridge road and two or three rods north of the ridge field. At "the time his father owned this land, he had possession of all the land up to the crest of the ridge." No objection was saved to the reading of his testimony, but the briefs assume that it was covered by the above admonition of the court.

It is the contention of Haynes that the calls, courses and distances of the Edwards to Jenkins deed should control. It is the contention of Hail that the testimony and the deeds, including those to Haynes, show that the line in dispute is an agreed or conditional line. In Smith & Preston v. Prewit, 2 A. K. Marsh. 155, 9 Ky. 155, we said: "* * * boundary may be proved by every kind of evidence which is admissible for the establishment of any other fact—and when the boundary is ancient, even reputation is admissible for its establishment." "From the nature of the thing, an old boundary can not, in general, be proved by direct and positive proof; and reputation is, therefore, from necessity, admissible." Smith v. Nowells, 2 Litt. 159, 12 Ky. 159. "Reputation as to the location of the lines and corners is admissible as evidence, and is an exception to the rule against hearsay evidence." Scott v. Alpine Coal Co., Ky., 122 S. W. 202, 203.

We are of the opinion that the exclusion of the testimony and deeds by the trial court was error. For this reason, the judgment must be reversed. All other questions are reserved.

The judgment is reversed.