# SHELLEY v. HILL.

Court of Appeals of Kentucky.

Dec. 18, 1953.

As Extended on Denial of Rehearing
March 19, 1954.

Howell W. Vincent, Covington, for appellant.

Vest & Vest, Walton, for appellee.

SIMS, Chief Justice.

This appeal is from an order refusing plaintiff leave to file a second amended petition and dismissing his action on the day it was called for trial.

Plaintiff, Harold R. Shelley, filed his petition in equity in September 1948 against William Hill wherein he attempted to plead that an oral partnership agreement was entered into between these two men for the operation of a nursery. Shelley asked for a dissolution of the alleged partnership and that Hill be required to make an accounting to him.

The petition as first amended averred that on December 27, 1944, Shelley and Hill "formed a partnership under the firm name of Hill Nursery to engage in the business of buying and selling nursery stock in Gallatin County, Kentucky, by the terms of which Hill was to furnish the lands on which to produce the nursery stock and such stock as he then had on hand and Shelley was to cultivate to maturity nursery stock on hand and to plant nursery stock, paying all labor, purchase all burlap, nails and supplies necessarily incident to the production and sale of nursery stock, and each of the partners was to receive under said agreement a sum equal to 50% of the gross realized from the sale of nursery stock. The partnership was to continue until dissolved by mutual agreement of the parties." This pleading further averred that Shelley complied with the terms of the "partnership agreement" until May 27, 1946, when Hill without Shelley's consent and in violation of their agreement, notified Shelley they were no longer partners and refused to let Shelley come on the land.

Hill's general demurrer to the petition was overruled in March 1948, and in November of that year, Hill filed answer wherein it was admitted the parties "entered into a verbal contract concerning defendant's nursery, but all other allegations the defendant denies." By way of counterclaim Hill averred that under the terms of their contract he agreed to turn over to Shelley his nursery as it then existed and Shelley was to market all stock as it matured and was to replace same with young stock and was to bear the cost of all labor and materials and the contract was to continue until Hill's health permitted him to resume control of his nursery. This pleading contained no averment as to a division of profits but stated Shelley had marketed 37,000 trees and only replaced 15,000 and had damaged Hill 20¢ a plant in the 22,000 not replaced, or $4,400; that Shelley had failed to account for the money received for the sale of the 37,000 plants sold and an accounting is due from plaintiff to defendant "as defendant accepted from time to time from plaintiff such sums of money as plaintiff represented to defendant represented one-half of the gross sums of all monies collected by plaintiff since the last accounting made by the plaintiff."

When the cause came on for trial on May 18, 1950, defendant moved the court to dismiss the action because "the petition shows on its face that no partnership existed between the parties;" and plaintiff asked leave to file a second amended petition and further moved that the counterclaim be dismissed. Thereupon, the court refused to let the second amended petition be filed and dismissed the petition as well as the counter-claim."

The second amended petition, which the court refused to file, averred the parties had entered into a written partnership agreement which had been lost and could not be found. Although this pleading did not attempt to set out the terms of the alleged lost agreement, it did aver "defendant herein promised and agreed to pay one-half of the total cost of labor * * * but has failed to pay one-half of $5,737.62, or $2,868.81; that while said partnership agreement was in effect * * * this plaintiff did expend for the use and benefit of said partnership $6,981.43 for tools,

equipment, glass, etc., in carrying out the terms of said partnership agreement by the terms of which defendant had promised and agreed to pay one-half of such sum and is now indebted to the plaintiff in the sum of $3,490.71." There are other similar averments in this pleading and the prayer is that defendant is indebted to plaintiff in the sum of $29,769.52.

The court should have sustained a general demurrer to the petition as first amended as it did not aver a contract wherein the parties agreed "to place their money, effects, labor and skill, or some or all of them, in lawful commerce or business, and to divide the profits and bear the losses in certain fixed proportions," in which terms Crider v. Providence Coal Mining Co., 242 Ky. 514, 46 S.W.2d 1072, defines a partnership. But the petition only alleged that Hill was to furnish the land with its then stock and Shelley was to bear the expense of harvesting the plants and replacing them and each party was "to receive 50% of the gross realized from the sale of nursery stock." A mere agreement to share the gross profits does not create a partnership. 40 Am.Jur. "Partnership" § 36, p. 150; McDonnell v. Battle House Co., 67 Ala. 90, 42 Am.Rep. 99. As this court said in Marshall v. Bennett, 214 Ky. 328, 283 S.W. 115, 116, a sharing of gross returns of a joint venture never creates a partnership. Also see annotations 137 A. L.R. 28.

The second amended petition avers the parties agreed that each would bear one-half of the expense in operating the nursery and this pleading when read in connection with the original petition and the counterclaim does show that plaintiff in an inartificial and awkward way averred that a contract of partnership existed between him and defendant. See authorities in the paragraph above. Section 134 of the Civil Code of Practice provided that the court may, at any time, in furtherance of justice, and on such terms as may be prop-

er, permit pleadings to be amended, if the amendment does not change the claim or defense. The familiar rule has been that the trial court has a wide discretion as to the filing of amended pleadings and this court will not interfere with a ruling on the subject unless it is clearly apparent the trial judge has abused his discretion. Central Trust Co. of Owensboro v. Moffitt, 294 Ky. 103, 171 S.W.2d 21; Conley v. Conley, 307 Ky. 429, 211 S.W.2d 401.

Here, the trial judge had erroneously overruled a demurrer to the petition and thereby led plaintiff to believe his pleading was good, yet when the case came on for trial sustained defendant's "motion to dismiss" on the ground that the petition did not allege a contract of partnership. Clearly, it was an abuse of discretion for the court to refuse to file the second amended petition supplying averments which in an awkward way stated a cause of action when read in connection with all the other pleadings. Taulbee v. First National Bank of Jackson, 279 Ky. 153, 130 S.W.2d 48, 53; Duff v. Hodges' Guardian, 213 Ky. 392, 281 S.W. 183. For this error the judgment must be reversed.

As the petition in this case is ineptly drawn and is especially awkward after three amendments, we suggest that the attorneys could greatly simplify the action, making it less difficult for the trial judge, and this court in the event of another appeal, if plaintiff would file a substituted petition setting out his cause of action with clarity and succinctness. Thereupon the attorney for defendant could in the same manner file his answer and counterclaim. See Wright v. Owens, 275 Ky. 692, 122 S.W.2d 498, 501; Schumann v. Crook, 300 Ky. 352, 188 S.W.2d 494. Of course, the substituted pleadings of either party shall be based upon a settlement of the partnership affairs.

The judgment is reversed for proceedings consistent with this opinion.